**In re William HANNA, Debtor.**

**William HANNA, Plaintiff,**

v.

**The LOMAS AND NETTLETON CO., Defendant.**

Bankruptcy No. 81–01250G.

Adv. No. 82–0278G.

United States Bankruptcy Court, E.D. Pennsylvania.

July 7, 1983.

Henry J. Sommer, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff/debtor, William Hanna.

Leslie J. Carson, Jr., Philadelphia, Pa., for defendant, Lomas & Nettleton Co.

James J. O'Connell, Philadelphia, Pa., standing trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether the debtor's "complaint objecting to secured claim," which alleges a violation of the Truth in Lending Act ("TILA") by the defendant-lender, can be maintained even though said complaint was filed more than one year after the date of the occurrence of the alleged violation. We conclude that the debtor's TILA claim, although raised in the form of a complaint objecting to the lender's secured claim, is in the nature of recoupment and, as such, is not subject to the one-year statute of limitations.

The facts of the instant case are as follows:[1] On April 6, 1981, William Hanna ("the debtor") filed a petition for an adjustment of his debts under chapter 13 of the Bankruptcy Code ("the Code"). Prior thereto, on December 28, 1979, the debtor and The Lomas and Nettleton Company ("the lender") entered into a loan transaction wherein the lender financed the purchase of a residence by the debtor. On February 11, 1981, the lender obtained a judgment in mortgage foreclosure in the Court of Common Pleas of Philadelphia County in the amount of $18,683.02 and said lender filed a secured proof of claim in that amount in the present bankruptcy proceedings. On February 8, 1982, the debtor filed a complaint objecting to the lender's secured claim wherein the debtor charged the lender with violating certain provisions of

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

the TILA.[2] In his complaint, the debtor seeks, *inter alia,* a reduction of the lender's claim by $1,000.00.[3] The lender, in its answer, moved to dismiss the debtor's complaint on the ground that it fails to "set forth a cause of action against the defendant [lender]."

Section 1640(e) of the TILA provided:

(e) Jurisdiction of courts. Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of the occurrence of the violation* (emphasis added).

15 U.S.C. § 1640(e).[4]

The lender contends that the debtor's complaint is time-barred by virtue of section 1640(e) *supra.* The debtor, on the other hand, maintains that the aforesaid statute of limitations is inapplicable in the instant case because his TILA claim is in the nature of a recoupment and, as such, is not subject to the one year statute of limitations.

In *Household Consumer Discount Co. v. Vespaziani,* 490 Pa. 209, 415 A.2d 689 (1980), the Supreme Court of Pennsylvania explained the doctrine of recoupment:

The doctrine of recoupment was derived from the civil law, and was adopted as a part of the common law. Under it a

defendant is entitled to claim, by way of deduction, all just allowances or demands, accruing to him in respect of the same transaction that forms the ground of the action. This is not a set-off ... in the strict sense, because it is not in the nature of a cross demand, *but rather it lessens or defeats any recovery by the plaintiff. It goes to the existence of plaintiff's claim, and is limited to the amount thereof. ...*

Recoupment goes to the foundation of the plaintiff's claim; it is available as a defense, although as an affirmative cause of action it may be barred by limitation. The defense of recoupment, which arises out of the same transaction as plaintiff's claim, survives as long as the cause of action upon the claim exists. *It is a doctrine of an intrinsically defensive nature founded upon an equitable reason, inhering in the same transaction, why the plaintiff's claim in equity and good conscience should be reduced* (emphasis added).

490 Pa. at 219, 415 A.2d at 694 (quoting *Pennsylvania R.R. Co. v. Miller,* 124 F.2d 160 (5th Cir.1942) cert. denied, 316 U.S. 676, 62 S.Ct. 1047, 86 L.Ed. 1750).

In *Vespaziani,* the lender had filed suit against the borrower approximately four

---

**2.** 15 U.S.C. § 1601, *et seq.*

**3.** 15 U.S.C. § 1640(a) provides:

(a) *Except as otherwise provided in this section,* any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of failure;

(2)(A)(i) in the case of an individual action twice the amount of of any finance charge in connection with the transaction; or (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000.00.

\* \* \* \* \* \*

15 U.S.C. § 1640(a) (as amended). However, § 1640(a), as amended, is virtually identical to the pre-amendment § 1640(a).

**4.** Section 614(a) of the Truth in Lending Simplification and Reform Act, P.L. 96–221, passed by Congress in 1980, amended 15 U.S.C. § 1640 to provide:

(e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law* (emphasis added).

15 U.S.C. § 1640(e) (as amended). However, this amendment did not become effective until October of 1982.

years after the initial loan transaction. The borrower counterclaimed raising violations of the TILA and argued that any amount due the lender must be reduced by the statutory damages provided for in the TILA in cases where said act is violated. The *Vespaziani* court, under both federal and state law, held that the counterclaim was properly raised despite the fact that over one year had transpired from the violation in question because the counterclaim sought only recoupment.[5]

In *In re Galea'i*, 31 B.R. 629 (Bkrtcy. D.Haw.1981), the debtor, as in the instant case, raised the issue of violation of the TILA in the context of complaint objecting to the claim of a lender. The facts of *Galea'i* are particularly apposite to the instant case. In *Galea'i*, the debtors were initially sued by the lender in state court. The debtors filed an amended answer to the lender's complaint, raising as a defense alleged violations of the TILA.[6] Four days after filing their amended answer, the debtors filed a petition under chapter 13 of the Code. The automatic stay suspended the state court proceedings, and, subsequently, the debtors brought an adversary proceeding in the bankruptcy court wherein they alleged a violation of the TILA in their objection to the lender's claim. The *Galea'i* court held that, although a year had passed since the lender's TILA violation, the debtors could, nonetheless, maintain their TILA claim as a recoupment defense because it was the lender that had initiated the original state court proceedings.

Finally, the lender seeks to distinguish *Vespaziani* and the other cases relied on by the debtor on the theory that no court has permitted a debtor to "institute" an action after the expiration of a year from the occurrence of the violation. In other words, the lender asserts that the debtor, by instituting an adversary proceeding, has acted offensively rather than defensively and, therefore, the debtor should not be permitted to circumvent the one year statute of limitations. We disagree. The dispositive factor in the case *sub judice* is that the lender has brought an action to collect its debt by virtue of its having filed a proof of claim. We conclude that a complaint objecting to said claim "goes to the existence of the plaintiff's [lender's] claim" and is of "an intrinsically defensive nature founded upon an equitable reason, inhering in the same transaction, why the plaintiff's [lender's] claim in equity and good conscience should be reduced." *See Vespaziani, supra,* 490 Pa. at 219, 415 A.2d at 694. To hold otherwise would effectively preclude a debtor from raising violations of the TILA in bankruptcy proceedings especially in those cases where the debtor has filed a petition before any state court action has taken place. Based on all the above, we will deny the creditor's motion to dismiss.

---

5. Some courts have held that recoupment is not permitted under the TILA. *See Matter of Smith,* 10 B.R. 886 (Bkrtcy.N.D.Ga.1981); *In re Audino,* 10 B.R. 135 (Bkrtcy.D.R.I.1981).

6. The debtor, in the instant case, did not raise the TILA claim in the state foreclosure action.