**Joel SEIDNER, Appellant**

v.

**CITIBANK (SOUTH DAKOTA) N.A., Appellee.**

No. 14–05–01096–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 24, 2006.

Joel Philip Seidner, Houston, pro se.

Allen Lee Adkins and Mark Alan Palm, Lubbock, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## OPINION

ADELE HEDGES, Chief Justice.

Citibank (South Dakota) N.A. sued Joel Seidner for breach of contract in order to recover debt owed on a credit card account. Both parties filed motions for summary judgment. The trial court granted Citibank's motion and denied Seidner's motion. The final judgment awards actual damages in the amount of $10,142.45, plus attorney's fees and post-judgment interest. On appeal, Seidner contends that the trial court erred in granting Citibank's motion for summary judgment and denying his motion because (1) Citibank filed a deficient business records affidavit and (2) there is at least a fact issue regarding his affirmative defense under the federal Truth in Lending Act. We affirm.

### Procedural History

Citibank sued Seidner for breach of contract for failing to pay credit card debt.

In his answer, among other defenses not at issue in this appeal, Seidner raised a putative affirmative defense based on Citibank's alleged violation of section 1642 of the Truth in Lending Act. 15 U.S.C.A. § 1642 (1998). That section provides:

No credit card shall be issued except in response to a request or application therefor. This prohibition does not apply to the issuance of a credit card in renewal of, or in substitution for, an accepted credit card.

Citibank filed a motion for summary judgment, attaching exhibits that verified the existence of the account, Seidner's delinquency, and the amount due. Seidner filed a response, along with his own motion for summary judgment, again raising the putative affirmative defense under section 1642. In support of that defense, he filed an affidavit in which he denied having made a request or application for the credit card account in question or having previously accepted a credit card for which the card in question was a renewal or substitution.

Citibank responded with an affidavit by Terri Ryning, in which she identified certain attached documents as Citibank's business records. See TEX.R. EVID. 803(6) (business records exception to the hearsay rule).[1] She further stated that the records reflected that Seidner applied for the credit card account over the telephone. Citibank additionally responded by arguing that a violation of section 1642 is not an affirmative defense barring a lawsuit to recover on credit card debt.

Seidner objected to Ryning's affidavit as insufficient to support admission of the attached documents under the 803(6) exception; therefore, he also objected that the attached documents constituted hear-

say. However, Seidner does not allege on appeal and the record does not reflect that he ever obtained a ruling on his objections. The trial court granted Citibank's motion for summary judgment and denied Seidner's motion.

### Issues and Standards of Review

In three issues, Seidner contends that (1) Citibank filed a deficient business records affidavit; thus, the evidence attached thereto was inadmissible hearsay; (2) the trial court erred in granting summary judgment for Citibank because there is at least a fact issue regarding his affirmative defense under the Truth in Lending Act; and (3) the trial court erred in denying Seidner's motion because he conclusively proved his affirmative defense. In considering these issues, we use the well-established standards of review for traditional summary judgments. See TEX.R. CIV. P. 166a; Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548–49 (Tex.1985). We will first address Seidner's contentions regarding the sufficiency of the business records affidavit and the admissibility of the exhibits attached thereto. We will then address Seidner's affirmative defense based on section 1642.

### The Affidavit & Attachments

In his first issue, Seidner argues that Ryning's business records affidavit was deficient and that the exhibits attached thereto were inadmissible hearsay. He asserts that because of this alleged failure of proof, the trial court erred in granting Citibank's motion and denying his motion. Specifically, in the trial court, Seidner objected that Ryning's affidavit failed to comply with the requirements of Rule of Evidence 902(10). TEX.R. EVID. 902(10). On appeal, he argues that the

1. In the affidavit, Ryning stated that she is a vice president of Citicorp Credit Services, Inc., which is a "servicer" of accounts for Citibank.

affidavit failed to state that the attached documents were kept in the regular course of business or that they were made in the regular course of business at or near the time of the act or event described.

Seidner's objections go to the form and not the substance of the evidence; therefore, in order to have preserved error, he needed not only to object but also to secure a ruling on his objection. *See Alaniz v. Rebello Food & Beverage, L.L.C.*, 165 S.W.3d 7, 19 n. 19 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (holding that alleged defect of form in summary judgment affidavit was not preserved where party failed to lodge objection and obtain ruling); *see also Grand Prairie I.S.D. v. Vaughan*, 792 S.W.2d 944, 945 (Tex.1990) (holding that alleged defects in summary judgment affidavit were defects of form); *Landry's Seafood Rests., Inc. v. Waterfront Cafe, Inc.*, 49 S.W.3d 544, 551 (Tex.App.-Austin 2001, pet. dism'd) (holding that failure of summary judgment affidavit to state that the facts in the attached document were true and correct was a defect of form that was waived when party failed to object); *Hou–Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (holding that objection to form of summary judgment evidence was waived by failure to obtain a ruling from the trial court).[2]

Although the record on appeal reveals that Seidner filed an objection in the trial court, the record does not reveal that he ever specifically brought it to the trial court's attention or obtained a ruling from the court. Consequently, Seidner failed to preserve for appellate review any issue relating to the sufficiency of the affidavit or admissibility of the attached evidence. Seidner makes no other arguments regarding the sufficiency of Ryning's affidavit or the documents attached thereto. Accordingly, we overrule Seidner's first issue.

## Affirmative Defense

In his second and third issues, Seidner argues respectively that the trial court erred in granting Citibank's motion for summary judgment and denying his motion for summary judgment in light of his affirmative defense based on section 1642 of the Truth in Lending Act. Specifically, Seidner alleged in his pleadings and in his motion that Citibank issued the credit card in question in violation of section 1642 because he had not applied for or requested a card and the card was not issued as a replacement for a previously accepted card. Seidner also filed an affidavit in support of this claim. In response, Citibank filed Ryning's affidavit in which she stated under oath that Citibank's records revealed that Seidner had in fact applied for the card. Given the evidentiary conflict in the dual affidavits, there is a fact issue in relation to Seidner's motion for summary judgment based on section 1642. Consequently, the trial court did not err in denying Seidner's motion for summary judgment. We overrule Seidner's third issue.

---

**2.** This court has adopted the majority position among courts of appeals, which refuses to presume that objections were overruled when a trial court grants a motion for summary judgment. *See Delfino v. Perry Homes*, No. 01–05–00965–CV, 2006 WL 2042527, —— S.W.3d —— (Tex.App.-Houston [1st Dist.] July 20, 2006, no pet. h.); *Chapman Children's Tr. v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 436 n. 4 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). The Fort Worth Court of Appeals, however, has held that when a trial court grants a motion for summary judgment, this operates as an implicit overruling of any objection the non-movant has made to the summary judgment evidence. *E.g., Blum v. Julian*, 977 S.W.2d 819, 823 (Tex.App.-Fort Worth 1998, no pet.).

Regarding Seidner's second issue, asserting that the trial court erred in granting Citibank's motion, a fact issue would exist based on Seidner's affidavit assuming that violation of section 1642 constitutes an affirmative defense to Citibank's lawsuit. In his briefing, Seidner offers no authority or argument supporting his contention that section 1642 can be used as an affirmative defense in a breach of contract action to recover on a credit card debt. *See* Tex. R.App. P. 38.1(h) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). In his motion for summary judgment, Seidner argued that section 1640(a) of the Truth in Lending Act creates an affirmative defense based on a violation of section 1642, thereby barring any action to collect on the debt. 15 U.S.C.A. §§ 1640, 1642. We disagree.

Section 1640 states in relevant part as follows:

**(a) Individual or class action for damages; amount of award; factors determining amount of award**

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part ... with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction. ...

Section 1640(a) thus expressly creates a private right of action for certain violations of the Truth in Lending Act. *See generally Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412–13, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998) (discussing remedies provided by the Truth in Lending Act). The available remedies include recovery of actual damages (section 1640(a)(1)) and penalties (section 1640(a)(2)(A)(i)). Furthermore, a later subsection, 1640(e), explains that a person can also raise a Truth in Lending violation as a "defense by recoupment or set-off" in an action to collect a debt. 15 U.S.C.A. § 1640(e). Subsection 1640(e) is a statute of limitations with a savings clause of sorts. It reads in relevant part:

**(e) Jurisdiction of courts; limitations on actions. . . .**

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

15 U.S.C.A. § 1640(e).[3]

The thrust of subsection (e), apart from establishing the time bar, is that a violation of the Act can be raised as a defense by recoupment or set-off even after the one-year statute of limitations has expired on an affirmative claim for damages or penalties. *See generally Beach,* 523 U.S.

---

**3.** We assume without deciding that the remedies listed in section 1640 could generally apply for violations of section 1642. We have only found one case suggesting that section 1640 might apply to section 1642; it does not, however, squarely address the issue because the court found that any such claim would have been barred by the applicable statute of limitations. *Draiman v. Am. Express Travel Related Servs. Co.,* 892 F.Supp. 1096, 1098 (N.D.Ill.1995).

at 412, 417–18, 118 S.Ct. 1408 (discussing meaning of subsection (e)).

■ The defense of recoupment allows a defendant to deduct any amounts accruing to him as a result of the same transaction that forms the basis of the action against him. *See In re Anes*, 195 F.3d 177, 182 (3d Cir.1999); *Hanna v. Lomas & Nettleton Co.*, 31 B.R. 424, 425 (Bankr.E.D.Pa.1983); *see also* TEX. BUS. & COM.CODE ANN. § 3.305(a) (Vernon 2002); BLACK'S LAW DICTIONARY 1280 (7th ed. 1999). Although application of the recoupment defense will decrease the plaintiff's recovery, and may even wholly defeat any recovery, it does not act as an affirmative bar to the action. *See Hanna*, 31 B.R. at 425; *see also Garza v. Allied Fin. Co.*, 566 S.W.2d 57, 63–66 (Tex.Civ.App.-Corpus Christi 1978, no writ) (holding defendant was entitled to recoupment under section 1640 to be deducted from amount owed to plaintiffs). The defense of set-off also serves to reduce the amount of a plaintiff's claim, but it differs from recoupment in that the amount claimed as a reduction arises out of a transaction unrelated to the plaintiff's claim. *See In re Anes*, 195 F.3d at 182; BLACK'S LAW DICTIONARY 1376; *see also Dermott v. Jones*, 64 U.S. (23 How.) 220, 235, 16 L.Ed. 442 (1859) (explaining that a matter of set-off arises out of an independent transaction, whereas a recoupment arises out of the same transaction).

■ Seidner extrapolates that because section 1640 provides for certain remedies, it also can be used as a complete bar to a violating lender's lawsuit.[4] Seid-

ner argues in effect that even though the statute does not explicitly provide for a complete bar, such a defense was implied in passage of the statute. Generally, we will not read implied private remedies into statutes unless we find that the legislature clearly intended to create such rights. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). The most important indicator of legislative intent is the language of the statute itself. *See California v. Sierra Club*, 451 U.S. 287, 294, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981); *Touche Ross & Co.*, 442 U.S. at 568, 99 S.Ct. 2479; *see also Brown v. De La Cruz*, 156 S.W.3d 560, 563 (Tex.2004). Legislative express provision of certain specific remedies strongly suggests that it did not intend to impliedly authorize other remedies. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)); *see also Touche Ross & Co.*, 442 U.S. at 572, 574, 99 S.Ct. 2479 (stating that (1) when Congress intended to provide a private remedy under a particular statute, it knew how to do so and did so expressly; and (2) when the principal express civil remedy for a particular statutory violation was limited in scope, the Court is "extremely reluctant" to imply a broader remedy); *Transam. Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) ("[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.").

---

4. Under Seidner's claimed affirmative defense, if a defendant in a debt recovery lawsuit proves that the lender violated section 1642, the lender's lawsuit would be completely barred. Under the recoupment and set-off defenses expressly mentioned in section 1640(e), if a defendant proves the lender violated the Truth in Lending Act, the lender's recovery would be reduced by the amount of the defendant's damages. *See Hanna*, 31 B.R. at 425; *see also Garza*, 566 S.W.2d at 63–66. If the proven damages are great enough, the lender may not have any monetary recovery at all; however, the recoupment and set-off defenses are not automatic bars to the lawsuit. *See Hanna*, 31 B.R. at 425.

Here, while the legislature provided for certain private remedies for Truth in Lending violations, those remedies (including the defenses of recoupment and set-off) would be inconsistent with the broader remedy Seidner wishes us to impose: an affirmative defense that absolutely bars a lender's suit to recover on the debt. *See Qwest Communications Corp. v. City of Berkeley,* 202 F.Supp.2d 1085, 1093 (N.D.Cal.2001) (refusing to find an implied right of action that would be inconsistent with statutory language); *Jones v. Progressive–Home Fed. Sav. & Loan Assoc.,* 91 B.R. 725, 729–30 (Bankr.W.D.Pa.1988) (holding that defense of recoupment under section 1640 could not be used against a foreclosure proceeding because there would be no monetary judgment that could be reduced by application of the defense). If the legislature had intended section 1640 to impliedly provide an affirmative defense that completely bars suit because a lender had violated the Act, the defenses of recoupment and set-off for such violation would be unnecessary. *See generally Basham v. Fin. Am. Corp.,* 583 F.2d 918, 928 (7th Cir.1978) ("The design of [the Truth in Lending Act] was to provide protection to consumers by affording them meaning-ful disclosure and thereby an opportunity to shop for credit. It was not designed, nor should it be used to thwart, the valid claims of creditors."). Accordingly, we decline to find that such an affirmative defense is implied in section 1640.[5] Seidner makes no other arguments regarding the grant of summary judgment favoring Citibank.[6] We therefore overrule Seidner's second issue.

We affirm the trial court's judgment.

---

**5.** We recognize that under *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), other factors beyond the statutory language may come into play in determining whether an implied right of action exists. However, because we find that the statutory language itself is dispositive of Seidner's argument, we need not address the other *Cort* factors. *See generally Touche Ross & Co.,* 442 U.S. at 568, 99 S.Ct. 2479 (explaining that the intent of Congress is the paramount consideration in determining whether an implied right of action exists). Seidner does not raise any arguments under any of the other factors.

We further note that section 1640 creates some suit-barring affirmative defenses for *lenders,* including for corrected errors, for unintentional violations and bona fide errors, and for suits filed over one year after the alleged violation. *See* 15 U.S.C.A. § 1640(b), (c), (e); *see also Baker v. Sunny Chevrolet, Inc.,* 349 F.3d 862, 870–71 (6th Cir.2003) (discussing lenders' affirmative defenses). These explicit defenses demonstrate that when the legislature intended to create suit-barring affirmative defenses, it knew how to do so. *See Touche Ross & Co.,* 442 U.S. at 572, 99 S.Ct. 2479.

**6.** Specifically, at no point in his briefing or in his pleadings below has Seidner claimed that he is entitled to any recoupment or set-off for Citibank's alleged violation of section 1642. All of his arguments have posited solely that sections 1640 and 1642 operate as an affirmative defense to completely bar Citibank's lawsuit, not to reduce the amount to which Citibank is entitled. Seidner has never alleged that any amounts were due him as actual damages, a penalty, or otherwise.