Opinion issued March 20, 2008 



     







In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00636-CV




ZEKE DURAN III, Appellant

V.

CITIBANK (SOUTH DAKOTA), N.A., Appellee




On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 844699


                                                                                                      
 
MEMORANDUM OPINION
          Citibank (South Dakota), N.A. (“Citibank”) sued appellant, Zeke Duran III
(“Duran”), for breach of contract for failing to pay a credit card debt. Duran appealed
the summary judgment granted in favor of Citibank. We address Duran’s arguments 
that (1) Citibank failed to support its motion for summary judgment with competent
evidence; (2) Citibank failed to establish the existence of a contract; (3) Citibank
failed to establish damages sustained by Duran’s breach of the contract; (4) Citibank
failed to prove reasonable and necessary attorney’s fees; and (5) the court erred in
denying Duran’s counterclaims .


 We affirm the judgment. Background
          In 1991, Duran opened a credit card account with Citibank. The terms of use
of the account are set forth in a written agreement (“the Card Agreement”), with
periodic changes to the terms of that agreement as noted in documents entitled
“Notice of Change in Terms” sent to Duran throughout the time he made charges to
the card and payments against the account. Each notice included specific instructions
for how to proceed if “you do not wish to accept this change.” Duran never followed
those instructions, but rather continued to charge purchases to the card after each
Notice of Change in Terms was sent to him, the last notice occurring in December of
2003. 
          Duran continued to use the card until July of 2004, at which time he stopped
using the account to make purchases and also stopped making payments toward the
incurred debt. In the September 2004 account statement, Citibank notified Duran that
his “account is past due and credit privileges have been suspended.” Citibank again
notified Duran of the account status in the following two statements. 
          In February of 2005, Citibank assessed a final finance charge against Duran’s
account, determined Duran’s debt to Citibank to be $17,776.09, and filed suit to
collect the debt.



          Citibank filed a motion for summary judgment, asserting that there was no
genuine issue of material fact to litigate on its breach-of-contract claim against Duran.
Citibank alternatively argued that the facts showed that Duran was unjustly enriched
at Citibank’s expense as a matter of law. The trial court granted summary judgment
in Citibank’s favor without specifying the grounds for its ruling.
Standard of Review
          To prevail on a traditional summary judgment motion, a movant has the burden
of proving that it is entitled to judgment as a matter of law and that there is no
genuine issue of material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d
339, 341 (Tex. 1995). A plaintiff moving for summary judgment on its claim must
establish its right to summary judgment by conclusively proving all the elements of
its cause of action as a matter of law. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217,
223 (Tex. 1999); Anglo-Dutch Petroleum Int’l, Inc. v. Haskell, 193 S.W.3d 87, 95
(Tex. App.—Houston [1st Dist.] 2006, pet. denied).
          We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).       
Objections to the Form of Citibank’s Summary Judgment Evidence
          Duran’s primary complaint on appeal is that Citibank’s business record
affidavit and the attached documents are “incompetent as evidence.” He complains
that the affidavit is incomplete and that it indicates “untrustworthy record retention.” 
These are objections to the form, and not the substance, of the evidence. See Seidner
v. Citibank (South Dakota), N.A., 201 S.W.3d 332, 335 (Tex. App.—Houston [14
Dist.] 2006, pet. denied.) (holding that complaints that affidavit failed to state that
attached documents were kept or made in regular course of business go to form, not
substance, of evidence).
          To the extent that Duran’s arguments go to the form and not the substance of
the evidence, he needed not only to object, but also to have secured a ruling on his
objections to preserve those complaints for appeal. See id. (citing Grand Prairie
I.S.D. v. Vaughan, 792 S.W.2d 944, 945 (Tex. 1990) (holding that alleged defects in
summary judgment affidavit were defects of form) and Alaniz v. Rebello Food &
Beverage, L.L.C., 165 S.W.3d 7, 19 n.19 (Tex. App.—Houston [14th Dist.] 2005, no
pet.) (holding that alleged defect of form in summary judgment affidavit was not
preserved when party failed to lodge objection and to obtain ruling) and Landry’s
Seafood Rests., Inc. v. Waterfront Cafe, Inc., 49 S.W.3d 544, 551 (Tex. App.—Austin
2001, pet. dism’d) (holding that failure of summary judgment affidavit to state that
facts in attached document were true and correct was defect of form that was waived
when party failed to object) and Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103,
112 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that objection to form
of summary judgment evidence was waived by failure to obtain ruling from trial
court)). This Court has adopted the majority position among courts of appeals, which
refuses to presume that objections were overruled when a trial court grants a motion
for summary judgment. See Delfino v. Homes, 223 S.W.3d 32, 34 (Tex.
App.—Houston [1st Dist.] 2006, no pet.); Seidner, 201 S.W.3d at 335; Chapman
Children’s Tr. v. Porter & Hedges, L.L.P., 32 S.W.3d 429, 436 n.4 (Tex.
App.—Houston [14th Dist.] 2000, pet. denied).


 Duran failed to obtain a ruling on
any objections to Citibank’s summary judgment evidence. Thus, Duran’s complaints
regarding the form of Citibank’s summary judgment evidence are overruled as not
preserved. See Tex. R. App. P. 38.1.
Sufficiency of the Business Records Affidavit
          Duran complains generally about the evidence produced by Citibank to support
its summary judgment motion, including the business records affidavit of Terri
Ryning and the attached documents, which we liberally construe as attacks on the
substance of the evidence, including arguments that Citibank did not provide sworn
or certified copies of the documents referenced in Ryning’s affidavit and that the
affidavit is conclusory. 
          Ryning testified in her affidavit (1) that she “has personal knowledge regarding
the facts stated herein” and that those facts are “true and correct”; (2) that she is Vice-President for Citicorp Credit Services, Inc., which “performs certain services
including the collection of unpaid accounts for [Citibank],” and that she is authorized
to testify concerning the matters in the affidavit; (3) that she is a custodian of records
for Citibank, with duties including custody and control over Duran’s account with
Citibank; and (4) that these records are kept in the regular course of business and
made at or near the time of the recorded events by a person with personal knowledge
of the events. Ryning further testified that the documents attached to her affidavit
were true and correct copies of the originals, with certain information redacted to
protect confidential information. Finally, Ryning testified that Duran opened the
account with Citibank, used the account, made payments on the account, and
ultimately incurred charges totaling $17,776.09 “after all just and lawful offsets,
credits and payments have been allowed.” Ryning indicated that demand for payment
was made, that Duran failed to pay the amounts due and owing, and that Citibank had
to employ an attorney to collect the amounts owed. 
          Ryning properly authenticated the documents referenced in her affidavit as
“business records.” See Tex. R. Evid. 803(6), 902(10). Duran did not present any
evidence to raise a fact issue as to whether the documents were properly authenticated
business records. Further, Duran has failed to identify any statements in the affidavit
that he contends are opinions or legal conclusions. We have reviewed the affidavit
and have determined that it contains sufficient factual support and is not, therefore,
conclusory. See 8920 Corp. v. Alief Alamo Bank, 722 S.W.2d 718, 720 (Tex.
App.—Houston [14th Dist.] 1986, writ ref’d n.r.e.). To the extent that Duran attacks
Ryning’s affidavit and the attached documents on these grounds, we overrule his
complaints. 
Existence of a Valid Contract
          To be entitled to summary judgment on its breach-of-contract claim, Citibank
was required to prove, as a matter of law, (1) the existence of a valid contract; (2)
performance or tendered performance by the plaintiff; (3) breach of contract by the
defendant; and (4) damages sustained as a result of the breach. Williams v. Unifund
CCR Partners Assignee Of Citibank, — SW3d —, 2008 WL 339855, at *3 (Tex.
App.—Houston [1st Dist.] Feb. 7, 2008, no pet. h.) (citing Winchek v. Am. Express
Travel Related Servs. Co., 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.]
2007, no pet.)). Parties form a binding contract when the following elements are
present: (1) an offer, (2) an acceptance in strict compliance with the terms of the
offer, (3) meeting of the minds, (4) each party’s consent to the terms, and (5)
execution and delivery of the contract with the intent that it be mutual and binding. 
Id. To be enforceable, a contract must be sufficiently certain to enable a court to
determine the rights and responsibilities of the parties. Id. The material terms of a
contract must be agreed upon before a court can enforce the contract. Id. (citing T.O.
Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 221 (Tex. 1992)).
          First, Duran contends that Citibank failed to provide proof of delivery of an
agreement or acceptance of its terms and that, therefore, no valid contract could exist
to support Citibank’s breach-of-contract claim. 
          “Delivery may be proved by acts or words showing that the parties intended the
contract to become effective.” Awad Tex. Enters., Inc. v. Homart Dev. Co., 589
S.W.2d 817, 819–820 (Tex. Civ. App.—Dallas 1979, no writ). “[W]hen the parties
manifest an intent through their actions and words that the contract become effective,
delivery is shown.” Winchek, 232 S.W.3d at 204 (op. on reh’g). In other words,
when parties manifest an intent through their actions and words that a contract
become effective, manual delivery is immaterial to contract validity. Awad Tex.
Enters., Inc., 589 S.W.2d at 819–20. 
          To its summary judgment motion, Citibank attached evidence in the form of
copies of billing statements from January of 1998 to July of 1994. The statements
reflect charges made on the account; they also reflect payments made. Citibank also
attached the Card Agreement for the account. The Card Agreement stated that the
cardmember was responsible for the use of each card used in relation to the account
“according to the terms of this Agreement.” The Agreement set out how the monthly
minimum payment was determined and how finance charges were determined. The
terms of the contract were set out in the agreement and were accepted when Duran
began using the card. The billing statements showed that he used the card after each
change in terms, again accepting those changes by his use of the card. Delivery was
established by Duran’s use of the card and by his making payments on the account
for the charges shown on his monthly billing statements. See id. In response to the
motion for summary judgment, Duran did not present any competent evidence that
he did not receive the agreement or notices of changes in the agreement.


 Because
Duran used his card and made some payments, he manifested intent that the
agreement become effective. See id.
          Second, Duran contends that no valid contract exists because the terms of the
Card Agreement were indefinite. But the statements showed that Duran’s amount
owed was clearly itemized, showing purchases and payments made and specifying the
finance charges. Citibank’s evidence showed that the Card Agreement was
sufficiently definite to enable a court to determine the rights and responsibilities of
each party and that Duran’s conduct in using the card and making payments on the
account for the charges reflected in the monthly billing statements showed that Duran
understood his obligations to Citibank and that a contract was formed. See Winchek,
232 S.W.3d at 204.
          Third, Duran argues that Citibank failed to prove that he accepted the terms of
the contract. Duran does not dispute that he used the card and made payments while
never disputing the accuracy of the statements. Thus, we reject this contention. See
id.
          We conclude that Citibank met its burden to establish the existence of a valid
contract as a matter of law. 



Damages
          Duran argues that Citibank failed to establish the applicable interest rate and,
thereby, failed to establish as a matter of law the amount of damages that it incurred
from Duran’s breach of the Card Agreement. The agreement and billing statements
provided detailed explanations of the cost of credit and the methodology employed
to determine the applicable interest rate. See id. at 205. Duran fails to identify any
specific charges for which he contends the applicable interest rate was not proven. 
The Card Agreement and the comprehensive compilation of account statements from
1998 through 2004 conclusively established the amount that Duran owed, including
the applicable interest rates. Further, to the extent that Duran contends that the
evidence failed to establish that all just and lawful offsets had been allowed, we reject
that contention. The summary judgment evidence reflects that “all just and lawful
offsets, credits and payments have been allowed.” In response to the motion for
summary judgment, Duran did not present any competent, contradictory evidence. 
          We hold that Citibank proved its damages as a matter of law.
Attorney’s Fees
          Finally, Duran contends that a fact issue exists as to whether the attorney’s fees
awarded to Citibank are reasonable and necessary. Jennifer Spencer, attorney for
Citibank, provided an affidavit in which she swore that she was “familiar with
attorneys’ fees charged in the Harris County area in the year 2006,” that “firm
attorneys and legal assistants have expended in excess of 76 hours in preparation of
this case,” and that “a reasonable and customary charge for legal services performed
to date on behalf of Citibank in connection with this action is an amount in excess of
$10,088.50.” She further testified that “Citibank is entitled to recover reasonable and
necessary attorneys’ fees in the amount of $5,000.00; $5,000.00 if the case is
appealed to the Texas Court of Appeals; and $5,000.00 if the case is appealed to the
Texas Supreme Court.” The court awarded $10,088.50 in attorney’s fees plus
$5,000.00 additional for each of postjudgment motions, appeal to the Court of
Appeals, and appeal to the Texas Supreme Court. 
          Duran’s attorney, John Mastriani, filed an affidavit in which he stated that he
is “familiar with the normal and customary attorney fees for an action such as this”
and opined that the fees charged ($150.00 per hour for attorneys and $95.00 per hour
for paralegals) were “outrageous and excessive.” However, Mastriani failed to
provide evidence of an alternative rate that he would deem reasonable and necessary
or otherwise to controvert Spencer’s affidavit with controverting evidence. We hold
that Citibank conclusively established that it was entitled to recover its attorney’s fees
as awarded by the trial court. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001
(Vernon Supp. 2007); see also Hackberry Creek Country Club, Inc. v. Hackberry
Creek Home Owners Ass’n, 205 S.W.3d 46, 56 (Tex. App.—Dallas 2006, pet.
denied).
          Citibank conclusively established the existence of a valid contract under which
it performed and that Duran breached that contract by failing to pay the amounts due
and the damages sustained by Citibank as a result of that breach. The trial court
properly determined that Citibank met its burden to prove that it was entitled to
summary judgment as a matter of law on each element of its cause of action. See
Winchek, 232 S.W.3d at 206. We overrule issues one and two.
                                               Duran’s Counterclaim
          With regard to Duran’s third issue, in which he states that Citibank failed to 
establish that it was not liable to Duran for his counterclaim, Duran presents no legal
arguments or citations to authority. Thus, this issue is inadequately briefed. See Tex.
R. App. P. 38.1(h); Stephens v. Dolcefino, 126 S.W.3d 120, 130 (Tex. App.—Houston
[1st Dist.] 2003), pet. denied, 181 S.W.3d 741 (Tex. 2005).


 We overrule issue three.Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Tim Taft
Justice
 
Panel consists of Justices Taft, Keyes, and Alcala.