Reversed and Remanded, and Memorandum Opinion filed April 6, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00130-CV

___________________

 

James O. Okorafor, Appellant

 

v.

 

Raymond B. Lewis and REBECCA
LEWIS, Appellees



 



 

On
Appeal from the 334th District Court

Harris County,
Texas



Trial Court Cause No. 2005-78796

 



 

 

MEMORANDUM OPINION

This
appeal arises from a legal-malpractice suit brought against multiple law firms
and attorneys, including appellant James O. Okorafor, by the appellees, Raymond
Lewis and Rebecca Lewis.  The plaintiffs successfully moved for summary
judgment in the absence of a response from Okorafor, and the trial court
awarded them $1,280,502 in damages plus interest and costs.  In this appeal,
Okorafor challenges, among other things, the sufficiency of the Lewises’
summary-judgment motion and evidence.

We hold appellees did
not conclusively prove their damages as a matter of law.  Therefore, we are
compelled, under current Texas law, to reverse the judgment and remand for a
new trial on liability and damages.  See Tex. R. App. P. 44.1(b).

I.

Background

On December 15, 2005,
appellees, Raymond Lewis and Rebecca Lewis, sued some of their former lawyers,[1] alleging
negligence, gross negligence, breach of fiduciary duty, and violations of the
Texas Deceptive Trade Practices Act.  See Tex. Bus. & Com. Code Ann.
§§ 17.41–.63 (Vernon 2002 & Supp. 2009).  Generally, the Lewises accuse the
defendants of mishandling their personal-injury lawsuit by allowing the statute
of limitations to run on their claims.  

Appellant, James O.
Okorafor, was among those sued.  He denies owing any legal duty to the Lewises,
however, claiming he never entered into an attorney-client relationship with
them.  In response, the Lewises contend Okorafor should be held vicariously
liable, under the law of partnerships, for the alleged malpractice of his
former law partner, Uche Mgbaraho.  See Tex. Bus. Orgs. Code Ann. §
152.304(a) (Vernon 2009) (holding partners jointly and severally liable for
debts and obligations of a general partnership).  Okorafor and Mgbaraho filed
answers to the lawsuit and denied liability to the claimants.[2]

On November 27, 2007,
the Lewises filed a “Motion for Partial Summary Judgment (On Liability)”
against the defendants.[3]
 Okorafor had notified appellees’ counsel he would be out of the country until
“the end of the year,” and counsel attempted to serve him by
restricted-delivery mail.[4] 
The parcel was returned as “unclaimed,” and in the absence of a response from
Okorafor, the trial court granted the claimants’ motion on December 20, 2007.

Two days later, the
Lewises filed a “Motion for Rendition and Entry of Final Judgment” against the
defendants.[5] 
On January 28, 2008, the trial court granted the motion and entered a final
judgment ordering the defendants, jointly and severally, to pay lump-sum
damages of $1,093,682.00 to Raymond Lewis and $186,820.00 to Rebecca Lewis,
plus interest and costs.  Okorafor filed multiple motions for new trial, in
which he denied receiving notice of the summary-judgment motion and hearing. 
The trial court denied the motions.

This appeal ensued.[6]  Here, in five
issues, Okorafor contends the judgment must be reversed because (1) he did not
receive notice of the summary-judgment motion or hearing; (2) the claimants did
not prove he owed them a legal duty; (3) the statute of limitations bars the
negligence claims against him; (4) the Lewises did not provide sufficient
notice of their DTPA claims against him; and (5) the evidence does not
conclusively establish the appellees’ damages or entitlement to summary
judgment.[7]

II.

Analysis

We begin with Okorafor’s
fifth issue, in which he argues the judgment must be reversed because the
Lewises did not conclusively prove their damages as a matter of law.  We agree,
on the record presented, for two reasons.  First, the trial court erred by
awarding unliquidated damages in a summary proceeding, because such damages are
subjective and therefore cannot be proven as a matter of law.  Second, the record
contains no proof that the Lewises’ alleged medical expenses were reasonable
and necessarily incurred, a requisite showing before such damages may be
awarded.  We will discuss both of these points following a recitation of the
standard of review to be applied here.

A.        Standard of Review

The standards by which
we review a traditional motion for summary judgment are well-established.  See
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985); Seidner
v. Citibank (S.D.), N.A., 201 S.W.3d 332, 334 (Tex. App.—Houston [14th
Dist.] 2006, pet. denied).  A plaintiff who moves for summary judgment, as
here, must conclusively establish all elements of his cause of action,
including damages, as a matter of law.  See Rivera v. White, 234 S.W.3d
802, 805–06 (Tex. App.—Texarkana 2007, no pet.); Rabe v. Dillard’s, Inc.,
214 S.W.3d 767, 768 (Tex. App.—Dallas 2007, no pet.).  An issue is treated as
“conclusively established” if ordinary minds could not differ as to the
conclusion to be drawn from the evidence.  Wohlfahrt v. Holloway, 172
S.W.3d 630, 636 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

If the summary-judgment
evidence demonstrates the movant’s entitlement to judgment as a matter of law,
the burden shifts to the nonmovant to present evidence raising a genuine issue
of material fact.  Horizon Offshore Contractors, Inc. v. Aon Risk Servs. of
Tex., 283 S.W.3d 53, 57 (Tex. App.—Houston [14th Dist.] 2009, pet.
denied).  We must consider summary-judgment evidence in the light most
favorable to the nonmovant, crediting evidence in his favor if reasonable
jurors could and disregarding contrary evidence unless reasonable jurors could
not.  See id.

A nonmovant’s failure to
respond to the motion for summary judgment, as here, does not preclude him from
challenging the legal sufficiency of the grounds expressly raised in the
motion:

The trial court may not grant a summary judgment by default
for lack of an answer or response to the motion by the non-movant when the
movant’s summary judgment proof is legally insufficient.  The movant still must
establish his entitlement to a summary judgment on the issues expressly
presented to the trial court by conclusively proving all essential elements of
his cause of action or defense as a matter of law.  Summary judgments must
stand on their own merits, and the non-movant’s failure to answer or respond
cannot supply by default the summary judgment proof necessary to establish the
movant’s right.

 

City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); see
Tello v. Bank One, N.A., 218 S.W.3d 109, 118–19 (Tex. App.—Houston [14th
Dist.] 2007, no pet.).

B.        Summary Judgment on Unliquidated
Damages

Okorafor contends the
trial court could not award “unliquidated” damages to the Lewises in a
summary-judgment proceeding.[8] 
Briefly, damages are said to be “liquidated” if the amount may be accurately
calculated by a trial court from the factual allegations in the plaintiff’s
pleading and a written instrument.  See Novosad v. Cunningham, 38 S.W.3d
767, 773 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  By contrast, damages
that do not fit within that category are described as “unliquidated.”  See
Aavid Thermal Techs. of Tex. v. Irving Indep. Sch. Dist., 68 S.W.3d 707,
711 (Tex. App.—Dallas 2001, no pet.).  The latter category encompasses most
personal-injury damages because they are not susceptible to precise
calculation.  See id.; Jones v. Andrews, 873 S.W.2d 102, 107
(Tex. App.—Dallas 1994, no writ).

Under certain
circumstances, a trial court properly may award definable and measurable
damages, such as past medical bills,[9]
in a summary-judgment proceeding if adequately proven.  See Rivera, 234
S.W.3d at 805.  The rationale for this rule is that liquidated damages may be
precisely calculated and proven as a matter of law and are therefore
appropriate for summary judgment.  See Tex. R. Civ. P. 166a(c); Rivera,
234 S.W.3d at 805, 806–07.

By contrast,
unliquidated damages, such as those compensating for physical pain and mental
anguish, should not be awarded in summary-judgment proceedings.  See Rivera,
234 S.W.3d at 805; Newsom v. State, 922 S.W.2d 274, 281 (Tex.
App.—Austin 1996, writ denied); Moeller v. Fort Worth Capital Corp., 610
S.W.2d 857, 862 (Tex. Civ. App.—Fort Worth 1980, writ ref’d n.r.e.).[10]  As the Rivera
court observed:  “[T]he process of awarding damages for amorphous,
discretionary injuries such as mental anguish or pain and suffering is
inherently difficult because the alleged injury is a subjective, unliquidated,
nonpecuniary loss.  The process is not readily susceptible to objective
analysis.”  Rivera, 234 S.W.3d at 806 (citations omitted).  Accordingly,
the Rivera court held that, because there is no way to quantify the
value of unliquidated damages as a matter of law, an award of such
damages necessarily must be decided by the trier of fact rather than summary
judgment.  See id.; Newsom, 922 S.W.2d at 281; see also
Tex. R. Civ. P. 166a(c) (requiring traditional-summary-judgment movant to show
entitlement to judgment as a matter of law).

Here, the trial court
awarded $1,280,302.00 but did not segregate this lump-sum figure among the
various categories of damages, both liquidated and unliquidated, claimed by the
appellees.[11] 
Moreover, while the record contains some reference to the medical bills
incurred by the Lewises, the total amount of those expenses – $87,632.23 – does
not sufficiently account for the remainder of the damages awarded by the trial
court.  In fact, the trial court’s award actually exceeds, by exactly
$50,000.00, the total amount of damages requested by the Lewises for all
of their alleged injuries, including their unliquidated claims for, inter
alia, physical pain and mental anguish.[12]

Therefore, on the record
presented, we must conclude the trial court erroneously included some
unspecified amount of unliquidated damages in its award to the claimants. 
Because appellees did not conclusively prove these damages as a matter of law,
we must reverse.

C.        Sufficiency of Evidence of Past
Medical Expenses

In addition, we must
conclude that, on the record presented, the evidence is legally insufficient to
support an award of past medical expenses.  To recover medical expenses
incurred in the past, a claimant must prove such expenses were reasonable and
necessarily incurred as a result of his injuries.  See Whitaker v. Rose,
218 S.W.3d 216, 223 (Tex. App.—Houston [14th Dist.] 2007, no pet.); Jackson
v. Gutierrez, 77 S.W.3d 898, 902 (Tex. App.—Houston [14th Dist.] 2002, no
pet.).  

In the record before us,
the only evidence of past medical expenses appears in the affidavit of Raymond
Lewis, who testified, “As a result of the accident, I have incurred past
medical expenses of at least $87,632.23.”[13] 
Evidence of amounts charged or paid, however, does not prove necessity of the
treatment or reasonableness of the bills.  See Jackson, 77 S.W.3d at
902.  Therefore, his affidavit is not sufficient to satisfy this evidentiary
requirement.

Instead, to prove the
reasonableness and necessity of past medical expenses, a plaintiff may either
(1) present expert testimony on those topics or (2) file one or more affidavits
in compliance with section 18.001 of the Texas Civil Practice and Remedies
Code.  See Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (Vernon 2008); Whitaker,
218 S.W.3d at 223; Jackson, 77 S.W.3d at 902.  According to the record,
however, the Lewises did not present expert testimony or affidavits in support
of their claimed expenses.  Therefore, because there is no evidence proving
appellees’ past medical expenses were reasonable and necessarily incurred, we
must sustain appellant’s fifth issue and reverse the judgment.

III.

Conclusion

Our resolution here does
not expressly affect the liability portion of the trial court’s summary
judgment.  However, under current Texas law, we are nevertheless required to
remand this proceeding for a new trial on both damages and liability.[14]  That is, when
liability is contested, as here,[15]
we are not permitted to remand for a separate trial solely on unliquidated
damages.  See Tex. R. App. P. 44.1(b); Willis v. Donnelly, 199
S.W.3d 262, 276 (Tex. 2006); Estrada v. Dillon, 44 S.W.3d 558, 562 (Tex.
2001).

Accordingly we sustain
appellant’s fifth issue on appeal, reverse the trial court’s judgment, and
remand for a new trial as to appellant James O. Okorafor.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Seymore and Sullivan.

 









[1] The defendants include
attorneys Bartholomew C. Okonkwo, Yvonne Okonkwo, Uche Mgbaraho, and James O.
Okorafor, and several law firms associated with these individuals.





[2] The other individual
defendants, Bartholomew Okonkwo and Yvonne Okonkwo, failed to answer, and the
trial court granted a default judgment against them.





[3] The motion’s caption
suggests the appellees sought a ruling only as to the defendants’ liability. 
Within the body of the motion, however, the Lewises also presented evidence of
their alleged injuries and repeatedly asked the trial court to grant them
summary judgment on damages, as well.





[4] Restricted-delivery mail,
according to postal documents contained in the record, may be delivered to, and
received by, only the addressee or his authorized agent.





[5] This document does not
appear in the record but is briefly mentioned in another pleading.





[6] Mgbaraho also filed a
notice of appeal.  However, because he failed to timely file an appellate brief
or request an extension to do so, his appeal was dismissed.  See Okorafor v.
Lewis, No. 14-08-00130-CV, 2009 WL 975959, at *1 (Tex. App.—Houston [14th
Dist.] Feb. 26, 2009, no pet.) (mem. op.).  Okorafor’s appeal was similarly
dismissed but then reinstated upon his motion.





[7] Okorafor did not raise
limitations or the claimed lack of DTPA notice, the subjects of his third and
fourth issues, before the trial court.  We may not consider either argument for
the first time on appeal.  See Tex. R. App. P. 33.1(a); Hines v. Hash,
843 S.W.2d 464, 469–70 (Tex. 1992) (holding defendant waived right to receive
DTPA notice by failing to timely object and request abatement of lawsuit); Tello
v. Bank One, N.A., 218 S.W.3d 109, 114 (Tex. App.—Houston [14th Dist.]
2007, no pet.) (“[A] non-movant [who] relies on an affirmative defense to
oppose the summary judgment motion . . . must provide sufficient summary
judgment evidence to create a fact issue on each element of the defense.”). 
Accordingly, we overrule appellant’s third and fourth issues, in which he
requests dismissal of the underlying lawsuit.  See also Tex. R. App. P.
43.3; Bradleys’ Elec., Inc. v. Cigna Lloyds Ins. Co., 995 S.W.2d 675,
677 (Tex. 1999) (per curiam) (instructing appellate courts to address possible
rendition points before issues seeking remand).





[8] The record does not
suggest the court conducted a bench trial on damages inasmuch as trial was not
scheduled to begin until February 11, 2008, two weeks after the final judgment
was signed.  Therefore, we construe the Lewises’ motion for rendition, in which
they attempted to obtain a final judgment through motion practice in lieu of
trial, as a second motion for summary judgment.  See Tex. R. Civ. P. 71;
Johnson v. State Farm Lloyds, 204 S.W.3d 897, 899 n.1 (Tex. App.—Dallas
2006), aff’d, 290 S.W.3d 886 (Tex. 2009); BCY Water Supply Corp. v.
Residential Invs., Inc., 170 S.W.3d 596, 604 (Tex. App.—Tyler 2005, pet.
denied).





[9] Future medical
expenses, by contrast, are considered unliquidated because they represent only
a prediction of expenses to be incurred.  See Rivera, 234 S.W.3d at 807.





[10] See also Badall v.
Durgapersad, No. 09-08-00188-CV, 2009 WL 857995, at *2 (Tex. App.—Beaumont
Apr. 2, 2009, no pet. h.) (mem. op.) (holding trial court erred by awarding
damages for pain, mental anguish, and loss of consortium in summary-judgment
proceeding).





[11] In appellees’ motion for
summary judgment, Raymond Lewis asked to be compensated for his (1) past and
future physical pain and mental anguish; (2) past and future loss of earning capacity;
(3) past and future physical impairment; (4) past and future medical expenses;
and (5) exemplary damages.  Separately, Rebecca Lewis requested an award of her
(1) past and future loss of household services and (2) past and future loss of
consortium.





[12] In the summary-judgment
motion, the Lewises stated, “Plaintiffs have previously presented argument and
evidence on the measure of damages available in the Underlying Suit, and that
Plaintiffs’ [sic] sustained a total of $1,230,502 in damages.  Rather than
regurgitating the basis for and evidence of such damages, Plaintiffs simply
incorporate the same by reference.”  However, the record does not contain any
document explaining how the Lewises arrived at this total.





[13] Appellees also presented
the affidavit of their retained expert, an attorney, who similarly confirmed
only the amount of medical expenses charged to the claimants.





[14] Therefore, we need not
address appellant’s first and second issues, which involve the liability
portion of the summary judgment, because a favorable ruling on those issues
would not afford him any greater relief.  See Tex. R. App. P. 47.1.





[15] A party contests
liability by simply filing a general denial in the trial court, as Okorafor did
in this case.  See Estrada v. Dillon, 44 S.W.3d 558, 562 (Tex. 2001).