**Yuriam Merced RIVERA, Appellant,**

v.

**Anna L. WHITE, Appellee.**

No. 06–07–00019–CV.

Court of Appeals of Texas,
Texarkana.

Submitted July 2, 2007.

Decided Sept. 5, 2007.

Barry G. Johnson, Ted Machi & Associates, PC, Arlington, for appellant.

James L. Bearden, Jim Bearden & Associates, PLLC, Arlington, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Yuriam Merced Rivera appeals from a summary judgment. She and Anna White were involved in a car wreck. White sued Rivera. Rivera answered pro se, but did not respond to requests for discovery. By court order, the unanswered requests for admissions, which involved the issues of negligence and proximate cause, were deemed admitted. White filed a motion for summary judgment, supported by affidavit. Rivera did not file a response. The court signed a summary judgment in favor of White on August 31, 2006.

Rivera filed a motion for new trial October 2, 2006, and a notice of appeal December 15, 2006. The appeal was transferred to this Court from the Fort Worth Court of Appeals by the Texas Supreme Court as part of its docket equalization program.

■ We first address White's contention that we have no jurisdiction over the appeal because the notice of appeal was untimely filed. Using the dates set out above, the motion for new trial was due to be filed within thirty days of the judgment: September 30, 2006. *See* Tex.R.App. P. 26.1. That day was a Saturday. Thus, the weekend rule applies, as the next day that it could be filed was on Monday, October 2, 2006. The motion for new trial was timely filed. *See* Tex.R.App. P. 4.1(a). The notice of appeal was therefore due within ninety days after the date the judgment was signed: November 29, 2006. A motion to extend time to file the notice of appeal was filed December 15, 2006, which would have been one day beyond the fifteen-day grace period provided by Tex.R.App. P. 26.3. However, it is apparent from the record that the notice of appeal, and the motion to extend time to file the notice of appeal, were both mailed December 14, 2006. Thus, the mailbox rule applies, as they were timely mailed, and the filing was likewise timely. *See* Tex.R.App. P. 9.2(b). The Fort Worth Court of Appeals granted the motion to extend time to file the notice of appeal, and under the state of this record, we will not revisit its determination. We have jurisdiction over the appeal.

## Summary Judgment Review

We now turn to the issues raised by Rivera in the appeal. She first argues that the summary judgment was improperly rendered because all of the damage awards—for the value of the destroyed vehicle, past medical expenses, future medical expenses, mental anguish, and pain and suffering—were neither liquidated nor admitted, and thus necessarily required evidentiary proof before a fact-finder.[1] Thus, Rivera generally argues that such damages may not be awarded in a summary judgment.

White responds that, even though unliquidated damages cannot be recovered in a default judgment without evidence of the damages, such recovery is not precluded by the use of the summary judgment procedure. *See* Tex.R. Civ. P. 243. While it is true that the recovery of unliquidated damages in a default judgment requires evidence of those damages, that does not address the issue in this case.

## Pain and Suffering, Mental Anguish, and Future Medical Care Damages

The only evidence, concerning damages, supporting the summary judgment is the affidavit of White, which states:

> My van was totaled and the fair market value of my van at the time it was totaled with its special equipment was $8,000.00
>
> I received personal injuries which required medical care which to date have cost me $2,155.00
>
> I will need additional medical care in the future. My back was injured and will remain injured for the rest of my life according to my treating physicians. I believe that the amount of future medical care will be $25,000.00 based on my treating physicians [sic] statements.

> I suffered serious mental anguish because the van was the only means I had to transport my mother who is an invalid to her medical appointments and to get her to move to attempt to preserve her health. I believe my mental anguish damages are $25,000.00
>
> I suffered serious pain and suffering which I believe is reasonably compensated by $10,000.00
>
> I will continue to suffer pain and suffering because of my back into the foreseeable future according to my physicians. I believe reasonable compensation for this future pain and suffering is $25,000.00.

Definable and measurable damages, such as past medical bills and the value of damaged property, may be recovered in a summary judgment proceeding, so long as adequately factually proven. The underpinning of this concept is the concern of summary proceedings: that the issue at bar can be proven as a matter of law—or that there is no genuine issue of material fact remaining to be decided. *See* Tex.R. Civ. P. 166a(c); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex.2005).

■■■ Generally, unliquidated damages should not be awarded in summary judgment proceedings. The beginning point, as pointed out by the Austin Court of Appeals, is that summary judgment is designed to eliminate patently unmeritorious claims or untenable defenses, not to deprive litigants of a full hearing on the merits of a genuine issue of material fact. *Newsom v. State*, 922 S.W.2d 274, 281 (Tex.App.-Austin 1996, writ denied) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979)). To obtain summary judgment, a plaintiff must prove every element of its cause of action as a matter of law, including dam-

---

1. Liability is not contested on appeal.

ages. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986).[2] Summary judgment is rarely appropriate when the issue is inherently one for the trier of fact to decide in cases involving unliquidated damages. *Newsom,* 922 S.W.2d at 281; *State v. Roberts,* 882 S.W.2d 512, 514 (Tex.App.-Austin 1994, no writ).

■ This Court explicitly acknowledged that mental anguish and pain and suffering are types of unliquidated damages and addressed the conceptual underpinnings for the award of damages for these types of injuries in *Dollison v. Hayes,* 79 S.W.3d 246 (Tex.App.-Texarkana 2002, no pet.). In that opinion, we recognized that the process of awarding damages for amorphous, discretionary injuries such as mental anguish or pain and suffering is inherently difficult because the alleged injury is a subjective, unliquidated, nonpecuniary loss. *Id.* at 249; *Brookshire Bros. v. Wagnon,* 979 S.W.2d 343, 354 (Tex.App.-Tyler 1998, pet. denied); *see Duron v. Merritt,* 846 S.W.2d 23, 26 (Tex.App.-Corpus Christi 1992, no writ). The process is not readily susceptible to objective analysis. *Dawson v. Briggs,* 107 S.W.3d 739, 750–51 (Tex.App.-Fort Worth 2003, no pet.); *LaCoure v. LaCoure,* 820 S.W.2d 228, 234 (Tex. App.-El Paso 1991, writ denied). Because there are no objective guidelines to assess the monetary equivalent to such injuries, the jury is given a great deal of discretion in awarding an amount of damages it determines appropriate. *Texarkana Mem'l Hosp., Inc. v. Murdock,* 946 S.W.2d 836, 841 (Tex.1997); *Hicks v. Ricardo,* 834 S.W.2d 587, 591 (Tex.App.-Houston [1st Dist.] 1992, no writ).

**2.** A lay person is competent to testify about his or her own pain and suffering. *City of Harlingen v. Vega,* 951 S.W.2d 25, 29 (Tex. App.-Corpus Christi 1997, no writ); *Ford v. Tex. Dep't of Pub. Safety,* 590 S.W.2d 786, 787

■ In this case, White did not testify about the severity or duration of her pain and suffering. She stated in a conclusory fashion she believed that her pain and suffering was worth a specific dollar amount, but nothing else.

As to mental anguish, White's affidavit stated that her van was her only transportation for her invalid mother and that she believed her mental anguish damages were in the amount of $25,000.00.

■ By their nature, these are unliquidated damages. There is no way to determine the amount as a matter of law—and even though Rule 166a(c) of the Texas Rules of Civil Procedure expressly allows summary judgment based on uncontroverted testimonial evidence of an interested witness, it is not a type of evidence that could have been readily controverted. *See* Tex.R. Civ. P. 166a(c). The damages themselves are purely subjective—as are the dollar amounts that such damages might be worth. Awards of this nature are based only on the perceptions of the injured party and a fact-finder's response to the severity of the claimed injury and to the victim's emotional and physical reaction to that injury. This is necessarily correct, as no two people will have the same response, either in physical or in mental or emotional pain, to the same situation. Thus, they do not lend themselves to proof by affidavit—or to controversion by affidavit. As held in the cases set out above, they are necessarily damage awards that a fact-finder must determine, because they are by their very nature such amorphous determinations. As also set out above, summary judgments are by definition only appropriate in situations where

(Tex.Civ.App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Coca Cola Bottling Co. of Fort Worth v. McAlister,* 256 S.W.2d 654, 656 (Tex. Civ.App.-Fort Worth 1953, no writ).

the issues can be proven as a matter of law. Further, subjective beliefs have been held to be nothing more than conclusions. *Tex. Div.-Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex.1994) (per curiam). Thus, they provide no facts that can be memorialized by a judgment.

■ Similarly, future medical expenses are likewise by their nature unliquidated damages. *Cf. In re Vlasak,* 141 S.W.3d 233, 238 (Tex.App.-San Antonio 2004, orig. proceeding) (default judgment); *Alvarado v. Reif,* 783 S.W.2d 303, 304–05 (Tex.App.-Eastland 1989, no writ). Future medical damages are a prediction of expenses that are reasonably probable to occur in the future. *Pilgrim's Pride Corp. v. Smoak,* 134 S.W.3d 880, 905–06 (Tex.App.-Texarkana 2004, pet. denied).

■ We, therefore, conclude that awards for pain and suffering, mental anguish, and future medical expenses are inappropriate for summary judgments—because they are unliquidated damages that cannot be proven with the necessary degree of certainty for a summary disposition. Alternatively, we also recognize that the conclusory nature of the statements of the value of the alleged unliquidated damages as set out in the affidavit provide no facts to support rendition of summary judgment. On either basis, the summary judgment fails, and the portions of the judgment involving unliquidated damages are reversed and remanded for further proceedings.

## Past Medical Care, Property Damage, Attorney's Fees, Loss of Future Income

Rivera also argues that White's affidavit is insufficient to provide proof of any of the types of damages, because it contains hearsay, conclusory statements instead of facts, and contains expert opinions that she was not qualified to give and were not shown to be based on personal knowledge.

White argues in response that we should take the statements in the affidavit as being adequate proof not because of their content, but because any complaint about their adequacy has been waived due to a failure to complain about their adequacy before the trial court.

Even though we have concluded as a matter of law that such awards are unavailable based on the affidavit as to unliquidated damages, the other specified damages set out by the judgment remain for review.[3]

■ Conclusory statements in affidavits are not proper as summary judgment proof if there are no facts to support the conclusions. *Ryland Group v. Hood,* 924 S.W.2d 120, 122 (Tex.1996) (interested witness' affidavit which says affiant "estimates" or "believes" certain facts will not support summary judgment). Conclusory statements in an affidavit unsupported by

---

**3.** Because the party moving for traditional summary judgment carries the burden to establish that no material fact issue exists and that it is entitled to judgment as a matter of law, "the nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense." *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000); *see also Rhône–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999) ("The trial court may not grant summary judgment by default" for failure to file a response to a

motion for summary judgment "when the movant's summary judgment proof is legally insufficient."); *Rizkallah v. Conner,* 952 S.W.2d 580, 582–83 (Tex.App.-Houston [1st Dist.] 1997, no writ) (holding that lack of response by nonmovant "does not supply by default the summary judgment proof necessary to establish the movant's right to summary judgment" and that nonmovant "is limited on appeal to arguing the legal sufficiency of the grounds presented by movant") (citing *McConnell v. Southside Sch. Dist.,* 858 S.W.2d 337, 343 (Tex.1993)).

facts are insufficient to support or defeat summary judgment. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex.1997). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *James L. Gang & Assocs. v. Abbott Laboratories, Inc.*, 198 S.W.3d 434, 442 (Tex.App.-Dallas 2006, no pet.); *Rizkallah*, 952 S.W.2d at 587. Further, conclusory statements in an affidavit are described as being defects of substance that may be raised for the first time on appeal. *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex.App.-Texarkana 2000, no pet.).

■■■■ Rivera did not respond to the motion for summary judgment—thus, she raised no objections to the affidavit. The traditional rule is that, if no objection is made, formal defects in affidavits—such as the existence of hearsay within the affidavit, are waived. *Haynes v. Haynes*, 178 S.W.3d 350, 355 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). Similarly, in the absence of an objection, a contention that the affidavit does not show that the factual statements are based on personal knowledge is waived. *Rizkallah*, 952 S.W.2d at 586; *see Woods Exploration & Producing Co. v. Arkla Equip. Co.*, 528 S.W.2d 568, 570 (Tex.1975).

■■■ However, as previously detailed, affidavits containing factual conclusions and subjective beliefs that are not supported by evidence are defects in substance, and no objection is necessary to preserve error. *Rizkallah*, 952 S.W.2d at 586; *Harley–Davidson Motor Co. v. Young*, 720 S.W.2d 211, 213 (Tex.App.-Houston [14th Dist.] 1986, no writ).

■■■ No objection was made to the affidavit, and we thus look at the affidavit to determine if it provides factual information that would allow entry of a summary judgment. Although all of White's statements concerning the vehicle damage and medical care are to some degree conclusory, each furnishes some factual information that could have been rebutted. The affidavit explained the extent of the damage to her vehicle (totaled) and her evaluation of its fair market value, which an owner may ordinarily state. *See Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664, 669 (Tex.1996). Further, she testified she spent $2,155.00 for medical care received as a result of the accident. Each of these statements presents factual information and could have been rebutted. Therefore, we find that they are not merely conclusory, but contain enough underlying facts to support a summary judgment award for property damage and past medical care.

Although the trial court awarded $2,500.00 for lost income, there is no pleading or summary judgment evidence to support that award. Further, even if attorney's fees were available in a personal injury lawsuit, there is also no evidence to support that award.

Thus, we affirm the summary judgment as to the proven damages of the value of the van and medical expenses paid by White as a result of the accident. We reverse the judgment awarding damages for all other elements and remand to the trial court.

The judgment is affirmed in part, reversed in part, and remanded for further proceedings.