

NUMBERS 13-07-112-CV and 13-07-131-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF THE ESTATE OF
## ROBERT LOUIS ANDERSON, DECEASED

### On appeal from the 23rd District Court and County Court
### of Matagorda County, Texas

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Appellant, Sherman Brown, appearing pro se, appeals a summary judgment entered in favor of appellee, John S. Martin, on an alleged fraud claim that was brought in connection with a probate matter. Beverly Joyce Iacovetto and Heidi Anderson, both interested parties in the probate matter, filed a brief adopting Brown's issues and

arguments. Neither Iacovetto nor Anderson filed notices of appeal. By seven issues, Brown complains that the trial court had no jurisdiction, erred in granting the summary judgment, and erred in probating the will. We do not address the claims of Beverly Iacovetto and Heidi Anderson as they are not properly before the Court and reverse and remand the summary judgment.

## I. BACKGROUND

Robert Louis Anderson died on October 23, 2000. The probate of his estate began as an administration brought by Ruth E. Anderson, Robert's second wife. Beverly Joyce Iacovetto and Heidi Anderson, Robert's daughters from a prior marriage, contested the administration and the case was transferred to the 23rd Judicial District Court of Matagorda County. After Ruth's death, John S. Martin, Ruth's son, located Robert's purported will. John Martin intervened in the administration, seeking to probate the will. Robert's daughters attempted to challenge the will as a forgery. After a hearing, the district court admitted the will to probate and remanded the case to the probate court.

Brown intervened by "cross petition" alleging fraud against John Martin. Brown claimed that Martin committed fraud by representing that he was the owner of the property Brown sought to purchase. The property in question was the house that belonged to Robert and Ruth before their deaths. After being served with citation, Martin filed an answer, a motion to sever Brown's claims from the probate matter, and a motion for summary judgment. Brown filed an untimely response to the motion for summary judgment. Martin's objections to the late filed response were sustained. Thereafter, the trial court granted Martin's motions. Brown filed an amended notice of appeal concerning both the order probating Robert's will and the order granting summary judgment.

2

## II. PRESERVATION

We first note that Robert's daughters, Anderson and Iacovetto, filed a brief in this court attempting to join Brown in his appeal by adopting his briefs. Neither party, however, filed a notice of appeal complaining of the trial court's order. Under rule 25.1(c) of the Texas Rules of Appellate Procedure, a party seeking to alter the trial court's judgment must file a notice of appeal. TEX. R. APP. P. 25.1(c); see *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001). Iacovetto and Anderson are not proper appellants in this case and will not be afforded any relief.

By Brown's sixth issue, he complains that the trial court order dealt with the will as a muniment of title when the court had evidence before it that it was a fraudulent document. To preserve a complaint on appeal, the record must show that the complaint was made to the trial court by a timely request, objection, or motion and that the trial court ruled on the request, objection or motion either expressly or implicitly or that the trial court refused to rule and the party objected to the refusal. *Sefzik v. Mady Dev., L.P.*, 231 S.W.3d 456, 464 (Tex. App.–Dallas 2007, no pet.); *see* TEX. R. APP. P. 33.1(a). Brown did not contest the probate of Robert Anderson's will in the trial court; therefore, he may not raise those issues in this Court. Brown's sixth issue is overruled.

## III. JURISDICTION

Brown argues by his first issue that the trial court lacked jurisdiction to rule on Martin's summary judgment motion because Martin filed his answer and motion in the case after it had been transferred to the county court. He also argues that the county court had no jurisdiction over the fraud claim. The county court of Matagorda County, Texas is a constitutional county court. Section 4 of the Texas Probate Code provides that the court

3

has "general jurisdiction of a probate court . . . . and [can] transact all business appertaining to estates . . . ." TEX. PROB. CODE ANN. § 4 (Vernon 2003). Here, the case was remanded from the district court to the county court after Robert's will was admitted to probate. Brown's claims arose from his attempt to purchase property that was inherited by Martin and pertained to the decedent's estate. The case was properly before the county court that adjudicated Martin's motion for summary judgment.

IV. SUMMARY JUDGMENT

A. Applicable Law

Brown claims by his second, third, fourth, fifth and seventh issues that the trial court erred in granting Martin's motion for summary judgment. We review the trial court's summary judgment de novo. *Provident Life and Acc. Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). A movant for traditional summary judgment has the burden to establish that there are no material issues of fact. TEX. R. CIV. P. 166a(c); *Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222 (Tex. 1999); *Mercier v. Sw. Bell Yellow Pages, Inc.,* 214 S.W.3d 770, 773 (Tex. App.–Corpus Christi 2007, no pet.). Evidence favorable to the non-movant will be taken as true, every reasonable inference will be indulged in the non-movant's favor, and doubts will be resolved in the non-movant's favor. *Knott,* 128 S.W.3d at 215.

Although the summary judgment motion does not indicate if it was filed pursuant to Texas Rule of Civil Procedure 166a(c) or (i), we presume Martin intended to move for judgment pursuant to rule 166a(c) because he attached evidence in support of his motion for summary judgment responsive to Brown's fraud claim and he did not otherwise comply with the requirements necessary to obtain relief under rule 166a(i).

4

Brown's claim was one for fraud. In order to be entitled to summary judgment, it was incumbent upon Martin to negate, as a matter of law, one or more elements of Brown's fraud claim. In order to recover on a fraud claim, the plaintiff must establish: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew the representation was false, or made the representation recklessly as a positive assertion, and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation, and; (7) the representation caused the plaintiff injury. *In re FirstMerit Bank*, 52 S.W.3d 749, 758 (Tex. 2001); *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

In Martin's affidavit, he averred that when he entered into the earnest money contract with Brown he had "absolutely no knowledge or belief that I was not the sole and exclusive owner of the residence located at 71 Live Oak Bend Drive in Matagorda County, Texas formerly the residence of my step-father Robert Louis Anderson, Deceased, and my mother, Ruth E. Anderson, Deceased." He further stated that he learned that Robert's will had not been probated only after he entered into the contract with Brown when the title company informed him of the probate issue. In his affidavit, Martin attempts to negate the element of fraud that requires that the defendant know his or her representation is false when it is made.

A summary judgment may be based on the uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive, direct, otherwise credible and free

from contradictions and inconsistencies, and could have been readily controverted. *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997). Subjective beliefs are not susceptible to being readily controverted and, therefore, are not competent summary judgment evidence. *Tex. Div.-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994); *Allied Chem. Corp. v. DeHaven*, 752 S.W.2d 155, 158 (Tex. App.–Houston [14th Dist.] 1988, writ denied); *see also Cocke v. Schexnailder*, No. 13-02-589-CV, 2006 WL 733931(Tex. App.–Corpus Christi Mar. 23, 2006, pet. denied) (mem. op.). Issues of intent and knowledge are not susceptible to being readily controverted and are inappropriate for summary judgment. *Allied Chem.*, 752 S.W.2d at 158. If the credibility of an affiant is likely to be dispositive in resolving the case, summary judgment is inappropriate. *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989).

Here, Martin failed to establish by competent summary judgment evidence that he was entitled to judgment. His affidavit attacking the "knowledge" element of fraud was subjective and incapable of being readily controverted. His summary judgment evidence was conclusory, therefore no objection was necessary. *Rivera v. White*, 234 S.W.3d 802, 808 (Tex. App.–Texarkana 2007, no pet.); *Harley Davidson Motor Co. v. Young*, 720 S.W.2d 211, 213 (Tex. App.–Houston [14th Dist.] 1986, no writ). Martin failed to sustain his burden of proof under Texas Rule of Civil Procedure 166a(c). As such, we sustain Brown's third issue.

V. CONCLUSION

Because Heidi Anderson and Beverly Iacovetto did not appeal the trial court's

6

judgment, they are afforded no relief.  Because Brown did not contest the probate of the will in the district court, we dismissed cause no. 13-07-131-CV.  The judgment of the trial court granting Martin's summary judgment is reversed and remanded for further proceedings consistent with this opinion.


                                   ROSE VELA
                                   Justice

Memorandum Opinion delivered and
filed this 25th day of August, 2008.