NUMBERS 13-07-112-CV and 13-07-131-CV


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN THE MATTER OF THE ESTATE OF

ROBERT LOUIS ANDERSON, DECEASED

 


On appeal from the 23rd District Court and County Court

of Matagorda County, Texas


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela


 Appellant, Sherman Brown, appearing pro se, appeals a summary judgment entered
in favor of appellee, John S. Martin, on an alleged fraud claim that was brought in
connection with a probate matter. Beverly Joyce Iacovetto and Heidi Anderson, both
interested parties in the probate matter, filed a brief adopting Brown's issues and
arguments. Neither Iacovetto nor Anderson filed notices of appeal. By seven issues,
Brown complains that the trial court had no jurisdiction, erred in granting the summary
judgment, and erred in probating the will. We do not address the claims of Beverly
Iacovetto and Heidi Anderson as they are not properly before the Court and reverse and
remand the summary judgment.I. Background

 Robert Louis Anderson died on October 23, 2000. The probate of his estate began
as an administration brought by Ruth E. Anderson, Robert's second wife. Beverly Joyce
Iacovetto and Heidi Anderson, Robert's daughters from a prior marriage, contested the
administration and the case was transferred to the 23rd Judicial District Court of Matagorda
County. After Ruth's death, John S. Martin, Ruth's son, located Robert's purported will. 
John Martin intervened in the administration, seeking to probate the will. Robert's
daughters attempted to challenge the will as a forgery. After a hearing, the district court
admitted the will to probate and remanded the case to the probate court. 

 Brown intervened by "cross petition" alleging fraud against John Martin. Brown
claimed that Martin committed fraud by representing that he was the owner of the property
Brown sought to purchase. The property in question was the house that belonged to
Robert and Ruth before their deaths. After being served with citation, Martin filed an
answer, a motion to sever Brown's claims from the probate matter, and a motion for
summary judgment. Brown filed an untimely response to the motion for summary
judgment. Martin's objections to the late filed response were sustained. Thereafter, the
trial court granted Martin's motions. Brown filed an amended notice of appeal concerning
both the order probating Robert's will and the order granting summary judgment. 


II. Preservation

 We first note that Robert's daughters, Anderson and Iacovetto, filed a brief in this
court attempting to join Brown in his appeal by adopting his briefs. Neither party, however,
filed a notice of appeal complaining of the trial court's order. Under rule 25.1(c) of the
Texas Rules of Appellate Procedure, a party seeking to alter the trial court's judgment must
file a notice of appeal. Tex. R. App. P. 25.1(c); see Wagner & Brown, Ltd. v. Horwood, 58
S.W.3d 732, 737 (Tex. 2001). Iacovetto and Anderson are not proper appellants in this
case and will not be afforded any relief.

 By Brown's sixth issue, he complains that the trial court order dealt with the will as
a muniment of title when the court had evidence before it that it was a fraudulent
document. To preserve a complaint on appeal, the record must show that the complaint
was made to the trial court by a timely request, objection, or motion and that the trial court
ruled on the request, objection or motion either expressly or implicitly or that the trial court
refused to rule and the party objected to the refusal. Sefzik v. Mady Dev., L.P., 231
S.W.3d 456, 464 (Tex. App.-Dallas 2007, no pet.); see Tex. R. App. P. 33.1(a). Brown did
not contest the probate of Robert Anderson's will in the trial court; therefore, he may not
raise those issues in this Court. Brown's sixth issue is overruled. 

III. Jurisdiction

 Brown argues by his first issue that the trial court lacked jurisdiction to rule on
Martin's summary judgment motion because Martin filed his answer and motion in the case
after it had been transferred to the county court. He also argues that the county court had
no jurisdiction over the fraud claim. The county court of Matagorda County, Texas is a
constitutional county court. Section 4 of the Texas Probate Code provides that the court
has "general jurisdiction of a probate court . . . . and [can] transact all business
appertaining to estates . . . ." Tex. Prob. Code Ann. § 4 (Vernon 2003). Here, the case
was remanded from the district court to the county court after Robert's will was admitted
to probate. Brown's claims arose from his attempt to purchase property that was inherited
by Martin and pertained to the decedent's estate. The case was properly before the county
court that adjudicated Martin's motion for summary judgment.

 IV. Summary Judgment

A. Applicable Law 

 Brown claims by his second, third, fourth, fifth and seventh issues that the trial court
erred in granting Martin's motion for summary judgment. We review the trial court's
summary judgment de novo. Provident Life and Acc. Ins. Co. v. Knott, 128 S.W.3d 211,
215 (Tex. 2003). A movant for traditional summary judgment has the burden to establish
that there are no material issues of fact. Tex. R. Civ. P. 166a(c); Rhone-Poulenc, Inc. v.
Steel, 997 S.W.2d 217, 222 (Tex. 1999); Mercier v. Sw. Bell Yellow Pages, Inc., 214
S.W.3d 770, 773 (Tex. App.-Corpus Christi 2007, no pet.). Evidence favorable to the non-movant will be taken as true, every reasonable inference will be indulged in the non-movant's favor, and doubts will be resolved in the non-movant's favor. Knott, 128 S.W.3d
at 215.

 Although the summary judgment motion does not indicate if it was filed pursuant to
Texas Rule of Civil Procedure 166a(c) or (i), we presume Martin intended to move for
judgment pursuant to rule 166a(c) because he attached evidence in support of his motion
for summary judgment responsive to Brown's fraud claim and he did not otherwise comply
with the requirements necessary to obtain relief under rule 166a(i). 

 Brown's claim was one for fraud. In order to be entitled to summary judgment, it
was incumbent upon Martin to negate, as a matter of law, one or more elements of
Brown's fraud claim. In order to recover on a fraud claim, the plaintiff must establish: (1)
the defendant made a representation to the plaintiff; (2) the representation was material;
(3) the representation was false; (4) when the defendant made the representation, the
defendant knew the representation was false, or made the representation recklessly as a
positive assertion, and without knowledge of its truth; (5) the defendant made the
representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the
representation, and; (7) the representation caused the plaintiff injury. In re FirstMerit Bank,
52 S.W.3d 749, 758 (Tex. 2001); Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51
S.W.3d 573, 577 (Tex. 2001). 

 In Martin's affidavit, he averred that when he entered into the earnest money
contract with Brown he had "absolutely no knowledge or belief that I was not the sole and
exclusive owner of the residence located at 71 Live Oak Bend Drive in Matagorda County,
Texas formerly the residence of my step-father Robert Louis Anderson, Deceased, and my
mother, Ruth E. Anderson, Deceased." He further stated that he learned that Robert's will
had not been probated only after he entered into the contract with Brown when the title
company informed him of the probate issue. In his affidavit, Martin attempts to negate the
element of fraud that requires that the defendant know his or her representation is false
when it is made. 


 A summary judgment may be based on the uncontroverted testimonial evidence of
an interested witness if the evidence is clear, positive, direct, otherwise credible and free
from contradictions and inconsistencies, and could have been readily controverted. Trico
Techs. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997). Subjective beliefs are not
susceptible to being readily controverted and, therefore, are not competent summary
judgment evidence. Tex. Div.-Tranter, Inc. v. Carrozza, 876 S.W.2d 312, 314 (Tex. 1994);
Allied Chem. Corp. v. DeHaven, 752 S.W.2d 155, 158 (Tex. App.-Houston [14th Dist.]
1988, writ denied); see also Cocke v. Schexnailder, No. 13-02-589-CV, 2006 WL
733931(Tex. App.-Corpus Christi Mar. 23, 2006, pet. denied) (mem. op.). Issues of intent
and knowledge are not susceptible to being readily controverted and are inappropriate for
summary judgment. Allied Chem., 752 S.W.2d at 158. If the credibility of an affiant is
likely to be dispositive in resolving the case, summary judgment is inappropriate. Casso
v. Brand, 776 S.W.2d 551, 558 (Tex. 1989). 

 Here, Martin failed to establish by competent summary judgment evidence that he
was entitled to judgment. His affidavit attacking the "knowledge" element of fraud was
subjective and incapable of being readily controverted. His summary judgment evidence
was conclusory, therefore no objection was necessary. Rivera v. White, 234 S.W.3d 802,
808 (Tex. App.-Texarkana 2007, no pet.); Harley Davidson Motor Co. v. Young, 720
S.W.2d 211, 213 (Tex. App.-Houston [14th Dist.] 1986, no writ). Martin failed to sustain
his burden of proof under Texas Rule of Civil Procedure 166a(c). As such, we sustain
Brown's third issue.


V. Conclusion

 Because Heidi Anderson and Beverly Iacovetto did not appeal the trial court's
judgment, they are afforded no relief. Because Brown did not contest the probate of the
will in the district court, we dismissed cause no. 13-07-131-CV. The judgment of the trial
court granting Martin's summary judgment is reversed and remanded for further
proceedings consistent with this opinion.


 ROSE VELA

 Justice

Memorandum Opinion delivered and 

filed this 25th day of August, 2008.