

NUMBER 13-14-00092-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DEAN A. SMITH,                                                                          Appellant,

v.

TERRY DELOOZE,                                                                          Appellee.

On appeal from the 200th District Court
of Travis County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Garza**

Appellant, Dean A. Smith, appeals from a summary judgment granted in favor of

appellee, Terry DeLooze. By two issues, Smith contends that the trial court erred by: (1)

improperly striking portions of his affidavit; and (2) granting summary judgment in

DeLooze's favor.  We affirm.

## I. BACKGROUND[1]

DeLooze is the former owner of an upscale grocery business known as FMKT and/or the Marketplace and Deli of Lakeway (the "Lakeway Market") located near Austin, Texas.  Smith and DeLooze entered into a brokerage agreement ("the Agreement") on November 20, 2008.  The Agreement granted Smith the exclusive right to sell the Lakeway Market for one year.  The Agreement automatically terminated on November 20, 2009.

It is undisputed that in late December 2009, Amirali Makanojia signed a contract to purchase the Lakeway Market.  The parties dispute how and when Makanojia first became interested in purchasing the Lakeway Market.  DeLooze contends that Steve Keys, a commercial developer, and Keys's business partner, Mohit Mehra, brought Makanojia to the Lakeway Market, where Makanojia met DeLooze for the first time in December 2009.  Smith contends that Makanojia first expressed an interest in purchasing the Lakeway Market in October 2009, before the Agreement expired.

Smith contends that he is entitled to a commission under the Agreement.  DeLooze filed a petition for declaratory judgment, seeking a declaration that he did not owe Smith a commission under the Agreement.  Smith answered and pleaded counterclaims for breach of the Agreement, quantum meruit, and "unjust enrichment."

DeLooze filed a combined traditional and no-evidence motion for summary judgment.  In the traditional portion of the motion, he argued that he was entitled to

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to an order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

judgment because: (1) the Agreement expired in November 2009; and (2) the provision in the Agreement under which Smith could potentially recover a commission after the Agreement expired did not apply. DeLooze also argued that Smith presented no evidence establishing the essential elements of a claim for breach of contract or quantum meruit.[2]

Smith filed a response to DeLooze's motion, in which he asserted that Makanojia first contacted Smith on September 5, 2009 "specifically concerning the Lakeway [Market] purchase." In his response, Smith also asserted that he was entitled to summary judgment on his claims for breach of contract, quantum meruit, and unjust enrichment. Smith attached his own affidavit and various documents in support of his response and motion for summary judgment on his counterclaims.

DeLooze filed a reply to Smith's response, in which he: (1) argued that Smith's motion for summary judgment on his counterclaims must be denied because it was filed seven days before the hearing on DeLooze's motion and was therefore untimely; (2) objected to numerous statements in Smith's affidavit; (3) objected to Smith's documentary evidence on various grounds as inadmissible; and (4) argued that, even if Smith's evidence was considered, he failed to produce any evidence raising a genuine issue of material fact as to his counterclaims.

On October 18, 2012, the trial court issued a letter order which: (1) sustained most of DeLooze's objections to statements in Smith's affidavit; (2) sustained all of DeLooze's

---

[2] DeLooze asserts that "unjust enrichment" is not an independent cause of action. We agree. *See Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App.—Corpus Christi 2002, pet. denied) (holding that "unjust enrichment is not a distinct independent cause of action but simply a theory of recovery"); *see also Oxford Fin. Co., Inc. v. Velez*, 807 S.W.2d 460, 465 (Tex. App.—Austin 1991, writ denied) (same).

objections to Smith's documentary evidence; (3) granted DeLooze's motion for partial summary judgment[3]; and (4) noted that Smith's motion for summary judgment was untimely and was therefore not considered. On April 2, 2013, the trial court issued an order granting partial summary judgment in DeLooze's favor, dismissing Smith's counterclaims with prejudice, and awarding costs and attorney's fees to DeLooze. On September 11, 2013, the trial court issued a final judgment: (1) decreeing that DeLooze was not under any contractual agreement to pay a commission to Smith; (2) dismissing Smith's counterclaims with prejudice; and (3) awarding DeLooze costs and attorney's fees in an amount of $51,623.51 plus interest. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West, Westlaw through 2013 3d C.S.) (providing that court may award costs and reasonable attorney's fees in declaratory judgment action). This appeal followed.

## II. EVIDENTIARY RULINGS

By his first issue, Smith contends that the trial court erred in granting DeLooze's objections to statements in Smith's affidavit because DeLooze's objections lacked specificity.

### A. Standard of Review and Applicable Law

"Evidentiary rulings are committed to the trial court's sound discretion." *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). "A trial court abuses this discretion when it acts without regard for guiding rules or principles." *Id.*

Rule 166a(f) requires that affidavits supporting or opposing summary judgment must "be made on personal knowledge, shall set forth facts as would be admissible in

---

[3] The letter noted that the summary judgment granted was partial because there was no summary judgment evidence of attorney's fees and that issue would be heard by the trial court if the parties did not reach an agreement.

4

evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." TEX. R. CIV. P. 166a(f); *see Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). An affidavit must disclose the basis on which the affiant has personal knowledge of the facts asserted. *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 762 (Tex. 1988). An affiant's position or job responsibilities can qualify the affiant to have personal knowledge of facts and establish how the affiant learned of the facts. *Valenzuela v. State & Cnty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (stating that affidavits demonstrating personal knowledge often state affiant's knowledge through affiant's position and specifically described job duties).

Conclusory statements in an affidavit unsupported by facts are insufficient to support or defeat summary judgment. *Rivera v. White*, 234 S.W.3d 802, 807–08 (Tex. App.—Texarkana 2007, no pet.) (citing *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997)). Conclusory affidavits do not raise fact issues. *Hood*, 924 S.W.2d at 122. A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Rivera*, 234 S.W.3d at 807–08.

### B. Discussion

The trial court sustained the following objections to statements contained in Smith's affidavit:

(1) Smith's statement in paragraph 3 that "[all] the facts recited therein [in Smith's response] are true and correct of my personal knowledge" on grounds that the statement "is opinion, conclusory and speculative and made without providing an underlying factual basis";

5

(2) Smith's statement in paragraph 4 that he "assume[d]" information on a fax from Makanojia to be in Makanojia's handwriting on grounds that the statement "is conclusory and speculative and made without providing any underlying factual basis";

(3) Smith's statement in paragraph 4 that a confidentiality agreement signed by Makanojia "clearly show[ed] that [Makanojia] was considering the acquisition of the Lakeway Market" on grounds that the statement "is opinion, conclusory and speculative and made without providing any underlying factual basis";

(4) Smith's statement in paragraph 5 that Mehra and Keys "agreed to assist Makanojia in understanding the grocery-store business" on grounds it is "inadmissible hearsay";

(5) Smith's statement in paragraph 5 that "[a]s a direct result of that meeting in mid-December, Keys, Mehra and Makanojia set up a meeting with DeLooze at the Lakeway Market" on grounds that the statement "is opinion, conclusory and speculative and made without providing any underlying factual basis";

(6) Smith's statement in paragraph 5 that Keys represented to others "that he was representing Makanojia in the transaction to acquire Lakeway Market" as "inadmissible hearsay";

(7) Smith's statement in paragraph 6 that "Keys and I were acting as co-brokers of this transaction" on grounds that the statement "is opinion, conclusory (legal and factual) and made without providing any underlying factual basis"; and

(8) Smith's statement in paragraph 7 that DeLooze "stated on more than one occasion that [Smith] would be paid [his] commission when the sale closed" on grounds that the statement is "inadmissible hearsay".

On appeal, Smith does not discuss or challenge the trial court's rulings sustaining DeLooze's objections or the grounds for the objections. Instead, Smith argues only that DeLooze's objections were insufficiently specific. In support of his argument, Smith cites *Stewart v. Sanmina Texas, L.P.*, 156 S.W.3d 198, 214 (Tex. App.—Dallas 2005, no pet.). We find *Stewart* to be distinguishable. In *Stewart*, the Dallas Court of Appeals found "conclusory" objections to an affidavit insufficiently specific where the objections were "made by identifying only the number of particular paragraphs and exhibits." *Id.* at 207. In contrast, DeLooze's objections to portions of Smith's affidavit identify specific statements. In one instance, the trial court sustained DeLooze's objection as to part of a sentence but overruled the objection as to the remainder of a sentence. We conclude that the objections to particular statements were sufficiently specific. We overrule Smith's first issue.

### III. SUMMARY JUDGMENT

By his second issue, Smith contends that the trial court erred in granting summary judgment in DeLooze's favor.

#### A. Standard of Review

We review summary judgments de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004); *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. denied). In reviewing a summary judgment, we must consider whether reasonable and

7

fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *See id.* at 756. We affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Joe*, 145 S.W.3d at 157.

### B. Discussion

In his second issue, Smith argues that, even disregarding the statements in his affidavit that were struck by the trial court, the remainder of his affidavit shows that he told Makanojia about the availability of the Lakeway Market prior to the expiration of the Agreement. Smith relies on paragraph 11(B) of the Agreement, which provided that Smith was entitled to the commission—even after termination of the Agreement—if the Lakeway Market was sold within two years after termination of the Agreement to a buyer with whom Smith "had any contact regarding same during the existence of this Agreement." Smith's affidavit asserts that he had Makanojia sign two confidentiality agreements: an initial blank form dated "09/05/09", and a second one "about October 3, 2009."[4] The affidavit states that Smith met Makanojia on September 22, 2009 and took him to several business sites, but Lakeway Market is not specifically mentioned. The affidavit states that on November 19, 2009, Smith met with Keys, Mehra, and DeLooze at the Lakeway Market, but there is no mention of Makanojia on that occasion. The affidavit states that Smith met

---

[4] The trial court struck all of Smith's documentary evidence, and Smith does not complain on appeal of the trial court's ruling excluding his documentary evidence.

with Makanojia, Keys, and Mehra and discussed the sale of the Lakeway Market, but does not say when that meeting occurred.[5]

We conclude that Smith presented no evidence establishing that his contact with Makanojia prior to the termination of the Agreement was "regarding" the Lakeway Market. Accordingly, Smith failed to show that he was entitled to a commission based on paragraph 11 (B) of the Agreement.

Regarding his affirmative claims, DeLooze attached the following summary judgment evidence to his motion:

(1) his own affidavit, in which he stated that (a) Smith did not tell him about or introduce him to Makanojia before the expiration of the Agreement; (b) Keys and Mehra introduced him to Makanojia for the first time in December 2009; and (c) he did not know of Makanojia's interest in the Lakeway Market and did not have any conversation with him about Lakeway Market until after the Agreement expired;

(2) a copy of the Agreement, which terminated on November 20, 2009;

(3) excerpts from Keys's deposition, in which he stated that he first met Makanojia in mid- to late December 2009, with Mehra and DeLooze to discuss the sale of the Lakeway Market;

(4) excerpts from Makanojia's deposition, in which he testified that Mehra introduced him to DeLooze in December 2010,[6] and that Smith neither showed him the Lakeway Market nor was involved in the sale of the Lakeway Market;

---

[5] A statement that Keys, Mehra, and Makanojia met with DeLooze in mid-December at the Lakeway Market was struck by the trial court. We note that, by the time of the meeting in mid-December, the Agreement had expired.

[6] We assume that Makanojia meant December of 2009.

9

(5) Makanojia's contract to purchase the Lakeway Market;

(6) Smith's answer and counterclaim;

(7) an offer to purchase the Lakeway Market dated December 26, 2009, referring to Smith and Keys as brokers;

(8) the September 5, 2009 confidentiality agreement completed by Makanojia with a hand-written notation regarding the Lakeway Market; and

(9) a confidentiality agreement executed by Makanojia and dated October 12, 2009 that refers to Lakeway Market.[7]

DeLooze moved for summary judgment on grounds that Smith failed to offer evidence that he had contact with Makanojia regarding the sale of the Lakeway Market during the term of the Agreement. In his appellate brief, DeLooze notes that "the confidentiality agreements themselves were properly excluded from the summary judgment evidence because they were not authenticated." DeLooze also notes that Smith does not challenge the trial court's ruling excluding Smith's summary judgment evidence.

Nonetheless, DeLooze included the September 5, 2009 confidentiality agreement in his summary judgment evidence as "Exhibit I" and the October 12, 2009 confidentiality agreement as "Exhibit J." However, neither document is authenticated or supported by an affidavit. Unauthenticated or unsworn documents, or documents not supported by any affidavit, are not entitled to consideration as summary judgment evidence. *Mackey v. Great Lakes Investments, Inc.*, 255 S.W.3d 243, 252 (Tex. App.—San Antonio 2008, pet. denied); *see* TEX. R. CIV. P. 166a(f). A complete absence of authentication is a defect of substance which may be raised for the first time on appeal. *See Blanche v. First*

---

[7] Makanojia testified that he just signed "a blank paper." It is unclear whether he was referring to only the September 5, 2009 confidentiality agreement or both confidentiality agreements.

*Nationwide Mortgage Corporation*, 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.). Here, DeLooze challenged the confidentiality agreements before the trial court and on appeal as unauthenticated. Because they are unauthenticated and not supported by any affidavit, we may not consider them as summary judgment evidence. *See Mackey*, 255 S.W.3d at 252.

We conclude that the summary judgment evidence established that (1) the sale of the Lakeway Market occurred after the expiration of the Agreement and (2) Smith failed to present evidence that he had contact with Makanojia about the Lakeway Market during the term of the Agreement. Accordingly, the trial court did not err in granting summary judgment in DeLooze's favor.[8] Smith's second issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
8th day of January, 2015.

---

[8] Because the trial court did not consider Smith's counterclaims, we do not consider them. *See* TEX. R. CIV. P. 166a(c).

11