In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-19-00109-CV

**ANDREW KENNEDY AND ELIZABETH KENNEDY, INDIVIDUALS AND D/B/A AMBASSADOR PEST MANAGEMENT, LLC, AND ROYAL KENNEDY HOLDINGS, LLC, Appellants**

**V.**

**AATTABOY TERMITE & PEST CONTROL, INC., Appellee**

**On Appeal from the 58th District Court**
**Jefferson County, Texas**
**Trial Cause No. A-200,743**

## MEMORANDUM OPINION

After the trial court awarded Aattaboy Termite & Pest Control, Inc. $1,341,259 in actual and punitive damages following a hearing on Aattaboy's traditional motion for summary judgment, the defendants (Andrew and Elizabeth Kennedy, Ambassador Pest Management, LLC, and Royal Kennedy Holdings, LLC)

1

appealed.[1] The appellants—to whom we will refer to collectively in the opinion as the Kennedys, as they are the controlling shareholders in the limited liability companies the plaintiffs sued—argue Aattaboy failed to meet its burden to conclusively prove each of the elements it needed to prove to prevail on its motion.

We find that Aattaboy failed to conclusively prove it was entitled to damages in the various sums the trial court awarded in its judgment. And since we find the Kennedys are entitled to a new trial on the damages issues, they are entitled to a new trial on the liability issues as well.[2] For the reasons explained below, we reverse the judgment and remand for a new trial on all issues.

Background

In 2009, Aattaboy hired Andrew Kennedy to be its operations manager. After giving him that his position, Aattaboy authorized Andrew to sign checks on Aattaboy's accounts. It also made him responsible for managing Aattaboy's business. Among Andrew's responsibilities, he was supposed to pay the sales and payroll taxes Aattaboy incurred while operating its business.

In 2016, Leonard Guy Papania and Jackie Papania, Aattaboy's controlling shareholders, learned that Andrew had used funds in Aattaboy's accounts to pay for personal expenses that he and his wife incurred. These expenses included but were

---

[1]*See* Tex. R. Civ. P. 166a(a), (c).
[2]*See* Tex. R. App. P. 44.1(b).

not limited to the Kennedys' purchase of a home. The Papanias also learned Andrew had used his position with Aattaboy to divert business opportunities from Aattaboy in another business, Ambassador Pest Management, LLC, a company Andrew and Elizabeth controlled through a business named Royal Kennedy Holdings, LLC. According to Aattaboy's petition, Andrew and Elizabeth embezzled between $450,000 and $500,000 from Aattaboy after Aattaboy made Andrew its manager of operations.

In September 2017, Aattaboy sued the Kennedys, claiming Andrew and Elizabeth embezzled money from Aattaboy and engaged in other acts of fraud. Aattaboy alleged that (1) Andrew breached his fiduciary duty to Aattaboy as its manager, (2) embezzled company funds, (3) committed common law fraud, (4) failed to disclose material facts he was under a duty to disclose as Aattaboy's manager, (5) engaged in acts amounting to statutory fraud, (6) conspired with others to take property and business opportunities from Aattaboy, and (7) aided and abetted the business entities Andrew and Elizabeth owned when they committed these torts. The Kennedys answered by filing a general denial in the suit.

In December 2018, Aattaboy moved for summary judgment by filing a traditional motion, so to prevail it needed to prove that its claims were meritorious

3

"as a matter of law" based on "the issues expressly set out in the motion[.]"[3]Aattaboy

relied on the following evidence to meet its burden of proof:

- An affidavit signed by Leonard Guy Papania, one of Aattaboy's controlling shareholders;
- An affidavit signed by Jackie Papania, Aattaboy's officer manager, Aattaboy's other controlling shareholder;
- An affidavit signed by Anjanette VanMarion, a CPA, who audited Aattaboy's books after the Papanias accused Andrew of misusing Aattaboy's funds;
- Documents tracing the transaction relevant to the Kennedys' purchase of a home;
- An accounting schedule prepared by a third-party tax consulting firm, which summarizes the amount Aattaboy alleged it owed in unpaid payroll taxes based on Andrew's misfeasance as its manager of operations;
- Competing bids on a pest control contract reflecting that both Aattaboy and Ambassador Pest Control submitted bids in pursuit of the same opportunity;
- A chart summarizing Aattaboy's business records, which generally shows how Andrew used Aattaboy's funds to pay American Express bills on Elizabeth's American Express account;
- A chart summarizing Aattaboy's business records, which reflects the amounts Aattaboy claimed to have paid from its accounts for expenses Andrew or Elizabeth incurred that Aattaboy claimed were unrelated to its business; and
- A summary of the checks drawn from Aattaboy's checking account, which Aattaboy claims shows how Andrew used its accounts to pay for personal expenses that he and Elizabeth incurred between September 2014 and June 2016.

The Kennedys did not file a written response to Aattaboy's motion for

summary judgment. The Kennedys did, however, appear at the hearing the trial court

---

[3]Tex. R. Civ. P. 166a(c).

4

conducted on Aattaboy's motion for summary judgment. When the hearing ended, the trial court granted Aattaboy's motion and then signed a judgment finding the Kennedys liable to Aattaboy on all the liability claims alleged in Aattaboy's petition. The trial court also awarded Aattaboy actual damages of $1,141,259 and exemplary damages of $200,000. Finally, the judgment includes additional awards favoring Aattaboy on its claims for attorney's fees through the trial, awarding Aattaboy $25,335 on that claim and an additional $20,000 in contingent attorney's fees in the event the Kennedys appealed. After the trial court signed the judgment, the Kennedys moved for a new trial. By written order, the trial court denied the Kennedys' post-judgment motion for new trial.

## Standard of review

Aattaboy sought summary judgment in a traditional motion for summary judgment, filed under Rule 166a(c) of the Texas Rules of Civil Procedure.[4] Under that Rule, a trial court may grant the motion "when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law."[5]

In reviewing a judgment from a summary judgment proceeding, "we take as true all competent evidence favorable to the nonmovant, and we indulge every

---

[4]*Id.*
[5]*Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

reasonable inference and resolve any doubts in the nonmovant's favor."[6] On appeal, "we consider all grounds presented to the trial court and preserved on appeal in the interest of judicial economy."[7] The ruling is reviewed under a de novo standard.[8] Under that standard, a judgment without "a jury verdict is proper at any course of the proceedings only when the law does not allow reasonable jurors to decide otherwise."[9]

A traditional motion requires the party filing the motion to prove the claims it relied on in its motion as a matter of law.[10] To meet that burden, the evidence supporting the motion is sufficient if "reasonable people could not differ in their conclusions, a matter that depends on the facts of each case."[11] The non-movant's failure to respond to the motion does not affect the burden placed on the party that moved for summary judgment since "[s]ummary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." [12]

---

[6]*Id.*
[7]*Id.*
[8]*Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).
[9]*City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005).
[10]Tex. R. Civ. P. 166a(c).
[11]*City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).
[12]*Id.*

Analysis

We begin with the Kennedys' argument claiming Aattaboy failed to provide the trial court with conclusive proof of the amounts it recovered under the trial court's judgment. According to the Kennedys, even if it's true that Aattaboy conclusively proved they committed fraud and embezzled from Aattaboy, which are claims they dispute, the evidence of damages does not rise to conclusive evidence that justified the damages awarded under the trial court's judgment. Here, all of Aattaboy's claims are for unliquidated damages. Under Texas law, "[s]ummary judgment is rarely appropriate when the issue is inherently one for the trier of fact to decide in cases involving unliquidated damages."[13]

While in the trial court, the Kennedys never admitted that they embezzled money from Aattaboy or that they were guilty of fraud. They also never admitted the summaries Aattaboy attached to its motion established how much money they diverted from Aattaboy and applied to their personal use. Under the Kennedys' general denial, Aattaboy needed to prove its claims of fraud and prove how much the Kennedys caused it to suffer in damages based on Kennedys' acts of fraud based

---

[13]*Rivera v. White*, 234 S.W.3d 802, 806 (Tex. App.—Texarkana 2007, no pet.); *see also Newsom v. State*, 922 S.W.2d 274, 281 (Tex. App.—Austin 1996, writ denied) ("Summary judgment is therefore inappropriate in cases involving unliquidated damages.").

7

on the burden of proof it had to meet to prevail on all the issues it raised in its motion.[14]

The difference between liquidated and unliquidated damages is clear.[15] The Dictionary of Modern Legal Usage explains *liquidated damages* exist "when the parties to a contract have agreed in advance on the measure of damages to be assessed in the event of default."[16] In contrast, *unliquidated damages* are damages "that have not been previously specified or contractually provided for. [Unliquidated] damages become liquidated only after a court or jury assesses them. Tort actions almost always involve unliquidated damages."[17] And since unliquidated damages are not susceptible to conclusive evidence that shows how much the award should be, parties who move for a traditional summary judgment on an unliquidated damages claim are generally not entitled to prevail.[18]

The record shows the trial court disposed of Aattaboy's *unliquidated* damages claims based on the evidence Aattaboy filed to support its traditional motion. And while Aattaboy supported its traditional motion with an affidavit from a CPA, which

---

[14]*See Clear Creek Basin Auth.*, 589 S.W.2d at 678.
[15]*Compare* Tex. R. Civ. P. 241 (Assessing Damages on Liquidated Demands), *with* Tex. R. Civ. P. 243 (Unliquidated Demands); *see also Novosad v. Cunningham*, 38 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2001, no pet.).
[16]BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 1530 (2d ed. 1995).
[17]*Id*. at 902.
[18]*Rivera*, 234 S.W.3d at 805, 806.

8

describes Aattaboy's damages and is consistent with the summaries Aattaboy provided with its motion, the opinions of a damage expert drawn from such evidence is not the same as conclusive proof on which no reasonable person would disagree. Instead, as to opinion testimony, the rule is that "opinion testimony, even when uncontroverted, does not bind the jury unless the subject matter is one for experts alone[.]"[19] For these reasons, we conclude Aattaboy failed to support its traditional motion with conclusive proof on the amounts it recovered in the judgment. We hold the Kennedys are entitled to a new trial on the reasonable damages the Kennedys caused Aattaboy to suffer by virtue of their various torts.[20]

Next, we address the Kennedys' arguments claiming this Court should also overturn the trial court's liability findings. Rule 44.1(b) of the Texas Rules of Appellate Procedure provides that appellate courts may not order new trials solely on damages when the record shows the liability claims were also matters the defendant contested in the trial.[21] While this trial involved a summary judgment proceeding, the record also shows the Kennedys contested their liability by filing a general denial. And since the case must be reversed as to damages, we also reverse

---

[19]*Uniroyal Goodrich Tire Co. v. Martinez,* 977 S.W.2d 328, 338 (Tex. 1998); *see also Hood v. Tex. Indem. Ins. Co.*, 209 S.W.2d 345, 346 (Tex. 1948).

[20]*See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986); *Rivera*, 234 S.W.3d at 806.

[21]*See* Tex. R. App. P. 44.1(b); *Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001).

the trial court's liability findings since that's what is required under the law.[22] Stated another way, we may not remand for a new trial solely on the trial court's damages awards.[23]

## Conclusion

We sustain the appellants' first issue. For the reasons explained above, we reverse the trial court's judgment and remand the case for a new trial on all issues.[24]

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on August 10, 2020
Opinion Delivered April 22, 2021

Before Golemon, C.J., Horton and Johnson, JJ.

---

[22]*Id.*

[23]*Id.*; *Willis v. Donnelly*, 199 S.W.3d 262, 276 (Tex. 2006); *Estrada*, 44 S.W.3d at 562 (explaining that since the plaintiff's claims included claims seeking unliquidated damages, "the court of appeals erred in remanding only the damages part of the case").

[24]Tex. R. App. P. 47.1 (providing the opinion issued by appellate courts must be as brief as practicable while addressing "every issue raised and necessary to final disposition of the appeal").